[Sac. No. 4846. In Bank.—February 14, 1935.]

J. W. BETTANDORFF et al., Respondents, v. O. B. CHRONISTER et al., Appellants.

Hjelm & Hjelm, G. B. Hjelm and Harold L. Hjelm for Appellants.

Edward Bickmore and Stephen P. Galvin for Respondents.

SEAWELL, J.—For a better understanding of the issues involved in this appeal it is necessary to state briefly the facts which constitute its background. On February 17, 1932, plaintiffs Bettandorffs instituted an action against appellant O. B. Chronister (husband of Erma Chronister, also appellant herein) and E. L. Hill for the recovery of certain moneys alleged to be due upon contract. Upon the filing of the action an attachment was issued, and to prevent the levying of said attachment one Jack Hill and J. E. Brown executed a joint and several undertaking conditioned that if said O. B. Chronister should fail to pay the full amount of whatever sum might be recovered against him, they would

pay the same. The case went to judgment on July 21, 1932, in favor of the Bettandorffs and against Chronister and E. L. Hill in the sum of $1147.46 and $40.95 costs. On July 23, 1932, execution was issued against the property of defendants in said judgment and was returned satisfied to the extent of $83.08. An *alias* execution was issued on November 23, 1932, which was returned partially satisfied to the extent of $220.35, leaving an unpaid balance on said judgment in the sum of $884.98 with interest from July 21, 1932.

Plaintiffs thereupon instituted this present action against the defendants Chronister and wife and Jack C. Mitchell to obtain a judgment setting aside a certain conveyance of real property made by said O. B. Chronister to his wife Erma, and also a certain mortgage of automobiles to said Mitchell, on the ground that said instruments were made for the purpose of delaying and defrauding plaintiffs, creditors of said O. B. Chronister, were without consideration, and were therefore void as to plaintiffs.

The action was dismissed as to Jack C. Mitchell. Judgment went for plaintiffs on the issue of fraudulent transfer, and it is from this judgment that the appeal is taken. Erma Chronister was by said judgment enjoined from transferring or encumbering said real property and from collecting or in any manner disposing of the rentals arising therefrom. The judgment also directed that all moneys resulting from the rentals of said real property since the institution of the action over and above the rentals which were not theretofore applied to the satisfaction of a certain promissory note, the payment of which was secured by a deed of trust executed on said real property, be applied upon the payment of plaintiffs' judgment.

Negotiations for a settlement of the judgment followed its entry. On July 29, 1932, appellants herein applied for and were granted a stay of execution which continued until September 19, 1932, on which day it was vacated on motion of plaintiffs. On the thirteenth day of September, six days before the stay of execution expired, O. B. Chronister took steps to strip himself of all of his property, personal and real, by sale, deed and mortgage. The wife during this period filed a homestead on the family residence, situate in the city of Merced, valued by the husband at $4,000. He deeded to his wife his interest in the south half of lot No.

15, city of Merced, valued by him at $13,000, encumbered with a trust deed to the extent of approximately $3,200, and he gave notice of his intention to dispose of his meat market by sale to his wife, and other property. The values placed on the meat market by Chronister's witnesses varied widely, from $4,000 to $8,000. Upon sale it brought $554. Another parcel or lot of land of small value, situate in the city of Fresno, was conveyed by Chronister to his sister in settlement of an alleged preexisting indebtedness incurred more than three years before the transfer was made. The consideration for this transfer was claimed to be on account of said sister paying his portion of the burial expenses of his mother. Four auto trucks used in the butcher business were mortgaged by him to Mr. Mitchell, his wife's sister's husband. The consideration therefor was claimed at the outset to have been the cancellation of a preexisting indebtedness in the sum of $3,000. An investigation of the account showed that said alleged indebtedness could not have exceeded $1,000. This amount was accepted by Mr. Mitchell in full.

The consideration for the conveyance made to the wife was alleged to have consisted of moneys loaned her husband many years prior to the transfer sought to be invalidated, in two sums of $1,000 each. One of said loans was made some eight years before the conveyance and the other nine years prior to the execution of said deed. No promissory note or memoranda was made evidencing the transaction nor was any book of accounts produced showing its entry. The sum of $3,500, which constituted the balance of said consideration, was computed upon salary which her husband claimed he agreed to pay her for services rendered as his clerk and bookkeeper, at the rate of $5 per week for a portion of the period she was thus employed and $10 per week for the other period of employment. During her long services he had paid her but some $700 on account at various times, of which he had no record. The husband alone testified to this arrangement and the wife gave no testimony on the subject. All of these transfers and attempted transfers of real and personal properties to the relatives of Mr. and Mrs. Chronister were consummated on the same day, to wit, September 13, 1932, and during the period when the stay of execution was operative in defendants'

favor. During this period all bills payable to Mr. Chronister, aggregating approximately $400, were assigned by him to the board of trade for the benefit of his creditors. If his sales and conveyances were permitted to stand for said alleged past indebtedness, the greater portion of which was barred by the statute of limitations, there would have been nothing left for the judgment creditors. The meat market which was noticed for sale by Chronister, together with his other property, and upon execution issued, was afterwards purchased by his landlord and by him transferred to Mrs. Mitchell, Chronister's sister-in-law, who continued to conduct the business. Chronister continued to run said business as her employee for a time thereafter.

Upon the foregoing facts the trial court found that said conveyances were made without any consideration passing from Erma Chronister to her husband, O. B. Chronister, and said conveyance sought to be set aside was made for the purpose of delaying and defrauding plaintiffs as creditors of O. B. Chronister, and that his wife accepted the conveyance with knowledge of the fraudulent intent of her grantor and with intent to assist him in the perpetration of said fraud. It further found that neither O. B. Chronister nor E. L. Hill, defendants' judgment debtors, had at the time said conveyance was executed, nor has either since had or possessed, any other property than that so conveyed, out of which execution could or can be satisfied in whole or in part, other than already partially satisfied, unless said real property, fraudulently conveyed, can be applied to the payment of said judgment and said indebtedness will remain as to the balance wholly unpaid; that the issuance of another or *alias* execution would be useless and of no effect for the reason that neither O. B. Chronister nor E. L. Hill has any property upon which an execution could be levied unless said conveyance be set aside; that the equitable title to said real property attempted to be conveyed remains in O. B. Chronister, subject to the lien of said trust deed in the sum of approximately $3,000, and the moneys received as rentals thereon should be applied to the payment of the holder of the promissory note evidencing said deed of trust.

Said real property was ordered sold under the levy of a writ of execution to be issued in accordance with the court's order. Other appropriate orders were made by the court

restraining the sale or encumbering of said property or rentals to the prejudice of the judgment creditors. The trial court was no doubt of the view that O. B. Chronister was not only contemplating insolvency but was actually insolvent at the time all of the above-mentioned transfers and assignments were made; also that he intended to defeat the judgment creditors herein by conveying to relatives all of his property, real and personal, which was subject to execution, and that the alleged stale preexisting indebtednesses, which were put forth as considerations, were but subterfuges to defeat said judgment. But one of the grantees appeared as a witness, Mrs. Chronister, and she offered no explanation of the alleged indebtedness of her husband to herself.

Appellants contend that it is a necessary step in an action to set aside an alleged fraudulent conveyance of real property that the judgment creditor allege and prove in cases where there are two judgment debtors, that said judgment creditor has exhausted all legal remedies against both of said debtors. They therefore assert that there being no evidence in the record that the respondnts made any effort to levy upon the assets of E. L. Hill, codefendant with Chronister, they cannot prevail in this action. This position is not tenable. The complaint alleges the issuance of two executions against the property of Chronister and E. L. Hill and both were returned but partially satisfied. The answer admits that at least one execution was issued against the property of the defendants, which was returned partially satisfied. As to the second execution it is expressly admitted that it was issued against the property of Chronister and returned by the sheriff, partially satisfied. There being no denial as to its issuance and levy against the property of Hill it must be taken as an admission that execution was regularly issued and levied upon said judgment. Every presumption must be indulged in favor of and in support of a judgment. Every step taken in the issuance and levying of the execution is recorded in the record of the proceeding and imparts knowledge to appellants which cannot be denied on information and belief, as might be implied by appellants' denial of certain allegations of paragraph II of the verified complaint. It was not necessary, in view of the state of the pleadings, to prove the levying of execution on

either of said parties. It appears by admission that execution was returned unsatisfied as to codefendant E. L. Hill as well as Chronister. Besides this, the case was tried on the theory that both Hill and Chronister were execution proof. The court so found. But what we have here said is not to be taken as holding that it was necessary to levy execution on Hill as a requisite to bringing the action to set aside a fraudulent conveyance executed by Chronister, to which transaction Hill was not a party.

There is no merit in the contention that the execution of the undertaking by Brown and Hill to prevent the attachment of Chronister's property (sec. 540, Code Civ. Proc.) at the time the original action was filed, deprived respondents of the right to pursue Chronister's property on an execution issued on the judgment. The undertaking did not have the effect of taking away the right of execution on the judgment and substituting in place thereof a mere right to proceed against the sureties who may or may not thereafter become insolvent. Such a rule as contended for would practically abrogate the most efficacious writ known to the law. The undertaking to prevent attachment may have the effect of releasing property actually attached or prevent the attachment of property in contemplation of attachment and give security for its return, or value if not returned to the attaching party, but it does not have the effect of depriving the judgment creditor of his right to levy an execution upon the property of his debtor wherever the same may be found.

The cross-action brought by appellants to quiet their title to the real property involved in this action necessarily falls with the judgment for plaintiffs.

The judgment is affirmed.

Curtis, J., Preston, J., Langdon, J., Shenk, J., Thompson, J., and Waste, C. J., concurred.