Filed 1/20/16  Tran v. Tran CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MYLENE TRAN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TY TRAN,<br><br>    Defendant and Appellant. | B256836<br><br>(Los Angeles County<br>Super. Ct. No. KC065391) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert A. Dukes.  Affirmed.

Daniel J. Koes for Defendant and Appellant.

JHK Law Group and Jae H. Kim for Plaintiff and Respondent.

Defendant and appellant Ty Tran (defendant) appeals from the judgment entered in favor of plaintiff and respondent Mylene Tran (plaintiff) following a court trial in this action to quiet title to certain real property in El Monte, California (the property). We affirm the judgment.

## BACKGROUND

The parties are siblings who held legal title to the property as joint tenants. Plaintiff commenced this action in January 2013 to quiet title in her as the sole owner of the property. Defendant answered and file a cross-complaint to partition the property. On June 6, 2013, the trial court set a trial date of February 10, 2014.

On July 24, 2013, plaintiff served defendant with form and special interrogatories, requests for production of documents, and requests for admissions. When defendant failed to respond, plaintiff's counsel emailed defendant's attorney on September 3, 2013, notifying him that any objections to the discovery requests had been waived and requesting responses, without objection, by September 6, 2013. Citing health issues, defendant's attorney requested an extension of time, and plaintiff's counsel extended the response date to September 11, 2013. When the September 11 deadline passed and no responses had been served, plaintiff's counsel granted a further extension to September 16, 2013. On September 16, 2013, defendant's attorney advised plaintiff's counsel that discovery responses would be forthcoming "in the next couple of days." No responses were served, and on September 24, 2013, plaintiff filed motions for an order compelling discovery, deeming facts admitted in the unanswered requests for admissions, and imposing sanctions on defendant and his counsel.

Neither defendant nor his counsel appeared at the October 31, 2013 hearing at which the trial court granted plaintiff's motions and ordered that the matters in the requests for admissions be deemed admitted. The court further ordered defendant to serve objection-free responses to the discovery requests within 20 days, and to pay monetary sanctions to plaintiff's counsel.

On January 17, 2014, plaintiff filed a motion for terminating sanctions and for monetary sanctions based on defendant's failure to comply with the October 31, 2013

2

order compelling discovery responses. Defendant opposed the motion and submitted a declaration in which he stated that he learned for the first time on January 13, 2014, that his attorney, Norman Matthews, was unwell and had "messed up" the case. Defendant further stated in his declaration that on January 15, 2014, he immediately collected documents responsive to the discovery requests and provided them to Matthews. Matthews also submitted a declaration stating that he suffered from recurring depression and anxiety, that between June 2013 and January 13, 2014, he failed to communicate with defendant, and that on January 13, 2014, he informed defendant that mental health issues precluded him from continuing the representation. Matthews asked that he be relieved as counsel of record. Matthews's wife also submitted a declaration confirming her husband's mental health problems. At a subsequent hearing, the trial court denied plaintiff's motion for sanctions.

On January 30, 2014, defendant filed an ex parte application for a six-month continuance of the February 10, 2014 trial date. In support of his ex parte application, defendant resubmitted Matthews's declaration and request to be relieved as counsel of record. Over plaintiff's objection, the trial court granted defendant's ex parte application and continued the trial date to March 24, 2014. The trial court further ordered, with defendant's consent, that Matthews be relieved of his duties and that defendant represent himself until new counsel could be retained.

On March 10, 2014, defendant filed a second ex parte application for a 60-day continuance of the trial date because he had been unable to find another attorney to represent him at trial. The trial court denied the request, noting that it had given defendant ample time in which to obtain new counsel.

Defendant represented himself at trial. At the close of plaintiff's case, defendant filed a motion for nonsuit, which the trial court denied. At the conclusion of the trial, the trial court found, by clear and convincing evidence, that the parties and their immediate family members had made an oral agreement to contribute funds for the down payment, mortgage, property taxes, and maintenance of the property, and that defendant had materially breached that agreement. The trial court stated that it had considered all of the

evidence produced and that it placed "great weight" on plaintiff's documentary evidence and the supporting testimony of plaintiff's witnesses, which showed payments made by other family members in accordance with the parties' agreement, and the absence of payments by defendant. The trial court further stated that while it accorded some weight to defendant's deemed admissions in the unanswered request for admissions, the evidence independent of those admissions supported the finding that defendant had materially breached the parties' agreement. The court found no evidence to support defendant's partition claim.

The trial court concluded that title to the property should be quieted in plaintiff, and that defendant was entitled to no relief under his cross-complaint. Judgment was subsequently entered in favor of plaintiff, and this appeal followed.

## DISCUSSION

Defendant contends the judgment should be reversed because (1) the trial court's denial of his request for a continuance of the trial date was prejudicial error; (2) plaintiff's quiet title claim was barred by the doctrine of unclean hands; and (3) the evidence showed that defendant made payments for the property.

## I. Trial continuance

The granting of a continuance is a matter within the trial court's discretion, which cannot be disturbed on appeal absent a clear showing of an abuse of discretion. (*Lazarus v. Titmus* (1998) 64 Cal.App.4th 1242, 1249.) Continuances before or during civil trials are disfavored. (*Ibid.*) While illness may justify the granting of a continuance, the trial court should consider, among other factors, the proximity of the trial date, the condition of the court's calendar, whether the continuance may be avoided by the substitution of attorneys, and whether justice is best served by a continuance. (*Id.* at p. 1250.)

Defendant contends the trial court applied the wrong legal standard in denying his request for a continuance, because the record is "devoid" of any indication that the court considered the relevant factors. Defendant further contends his attorney's illness was an unforeseen excusable circumstance that justified a further continuance of the trial date, and that the denial of a continuance precluded him from presenting his case on the merits.

4

The record discloses no abuse of discretion. The trial court granted defendant's January 30, 2014 ex parte application to continue the trial because of his attorney's illness. The court continued the trial from February 10, 2014 to March 24, 2014, giving defendant nearly two months in which to obtain new counsel. The trial court denied defendant's second ex parte application, made at the March 10, 2014 final status conference, for an additional 60-day continuance.

The denial of a continuance did not preclude defendant from presenting his case on the merits. Defendant testified at the trial, cross-examined witnesses, and filed a motion for nonsuit. Defendant argues that a further continuance would have enabled him to have his former counsel Matthews file a declaration of attorney fault as the basis for vacating the deemed admissions resulting from defendant's failure to respond to plaintiff's discovery requests. That argument, too, is unavailing. The trial court stated that while it had given some weight to defendant's deemed admissions, the evidence, "[r]egardless of the admissions, . . . would support the court's findings that [defendant] is in substantial default on the [parties'] agreement." Defendant fails to demonstrate any prejudice from the trial court's denial of his request for a further continuance. (*Rebney v. Wells Fargo Bank* (1990) 220 Cal.App.3d 1117, 1141 [absent prejudice, denial of continuance was harmless].)

## II. Unclean hands

Defendant claims plaintiff's quiet title action was barred by the doctrine of unclean hands. Defendant failed to raise the issue of unclean hands in the trial court below, and he may not do so for the first time on appeal. (*Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 533; *Colony Ins. Co. v. Crusader Ins. Co.* (2010) 188 Cal.App.4th 743, 750.) Unclean hands is accordingly not a basis for reversal of the judgment.

## III. Evidence of payments

Defendant contends the judgment should be reversed because but for the trial court's adverse discovery ruling, the evidence would have showed that he made payments for the property. The scope of our appellate review is limited to the record on appeal. (*Green v. Green* (1963) 215 Cal.App.2d 31, 36.) It does not include evidence

that defendant might have presented. Moreover, under the applicable standard of review, the trial court's factual findings must be upheld if supported by substantial evidence, contradicted or uncontradicted, viewing the evidence in the light most favorable to the prevailing party, according it the benefit of every reasonable inference, and resolving all conflicts in its favor. (*Jessup Farms v. Baldwin* (1983) 33 Cal.3d 639, 660.) There is substantial evidence in the record to support the trial court's findings that the parties had an agreement to contribute funds for the purchase and maintenance of the property and that defendant materially breached that agreement.

## DISPOSITION

The judgment is affirmed. Plaintiff is awarded her costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT