[Sac. No. 473.   Department One.—November 18, 1899.]

## PACIFIC PAVING COMPANY, Respondent, v. J. L. MOWBRAY, Appellant.

STREET IMPROVEMENT—JURISDICTION OF CITY COUNCIL—PROTEST OF OWNERS OF FRONTAGE—ASSESSMENT—FINDING—REVIEW UPON APPEAL.— Upon appeal from a judgment enforcing an assessment for a street improvement, where the jurisdiction of the city council to order the improvement is assailed, upon the ground that the owners of a majority of the frontage had protested against it, if the record is silent as to the amount of the entire frontage, the finding of the superior court against the sufficiency of such protest cannot be disturbed; and it is immaterial to consider whether erasures upon the protest were properly made.

ID.—ERROR NOT TO BE PRESUMED—DUTY OF APPELLANT.—Error is not to be presumed, but must in all cases be made to appear affirmatively before the appellant is entitled to a reversal; and, if the appellant seeks to have a finding set aside, it is incumbent upon him to show upon the record that it was contrary to the evidence.

ID.—REGULARITY OF ASSESSMENT—PRIMA FACIE EVIDENCE—INSUFFICIENT PROTEST.—The assessment and other documents connected therewith are made by the statute *prima facie* evidence of its regularity and correctness, and of the prior proceedings and acts of the city council, and such *prima facie* evidence is not overcome by evidence of a protest not proved to have been signed by the owners of a majority of the frontage.

ID.—PROTEST NOT PURPORTING TO BE PROPERLY SIGNED—ACTION OF COUNCIL UNNECESSARY. — Where the protest did not "purport" to be signed by the owners of a majority of the frontage, it was not necessary that the city council should determine or enter of record its judgment that it had not been so legally signed.

CXXVII. CAL.—1          (1)

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

F. H. Gould, and Budd & Thompson, for Appellant.

James A. Louttit, and Louttit & Middlecoff, for Respondent.

HARRISON, J.—Action upon a street assessment. The city council of Stockton ordered certain improvements to be made upon Market street in that city from the west line of Hunter street to the west line of American street, and awarded the contract therefor to the plaintiff. After its completion to the satisfaction of the superintendent of streets, that officer issued to it an assessment for the cost of the work, together with a warrant for its collection, and after demand therefor plaintiff brought the present action to foreclose the lien of its assessment upon certain property belonging to the defendant. Judgment was rendered in its favor, from which and an order denying a new trial the defendant has appealed.

The plaintiff's right of action was contested by the defendant upon the ground that the city council had no jurisdiction to order the improvement, for the reason that the owners of a majority of the frontage of the property on the line of the proposed improvement filed a protest against the same within ten days after the expiration of the publication of the notice of intention. Upon this issue the court found against the allegation of his answer, and this finding is attacked as not supported by the evidence.

In support of his averment the defendant introduced a document, which had been filed within said ten days with the city clerk, purporting to be a protest against the improvement from certain owners of property along the line thereof. This document appears to have been originally signed by the owners of thirteen hundred and ninety-six feet of frontage, but upon its face the signatures of certain signers owning three hundred and three feet had been erased, leaving one thousand and ninety-three feet of frontage represented by the other signers. It is claimed by the appellant that the erasures were unauthorized,

and that by reason of the protest as originally signed the city council was barred from proceeding with the improvement. This proposition, however, depends upon whether the original signers of the document constituted the owners of a majority of the frontage. The record fails to show the amount of the entire frontage of Market street between Hunter and American streets, and we are unable to say whether thirteen hundred and ninety-six feet is a majority thereof. The superior court has found that it was not, and it was incumbent upon the appellant, if he would have that finding set aside, to have it appear from the record that it was contrary to the evidence. Error is not to be presumed, but must in all cases be made to appear before the appellant is entitled to a reversal. It is thus unnecessary to consider whether the erasures on the protest were properly made.

The assessment and other documents connected therewith are made by the statute *prima facie* evidence of its regularity and correctness, and of the prior proceedings and acts of the city council, and their introduction in evidence by the plaintiff threw upon the defendant the burden of establishing the contrary. Such *prima facie* evidence was not overcome by introducing the above protest, unless the defendant also showed that it was signed by the owners of a majority of the frontage. As this protest did not "purport" to be signed by the owners of a majority of the frontage, it was not necessary that the city council should determine or enter of record its judgment that it had not been legally signed by such majority.

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.