[S. F. No. 2745.  Department Two.—September 24, 1903.]

## REGINALD H. WEBSTER, Appellant, v. BOARD OF EDUCATION et al., Respondents.

BOARD OF EDUCATION—SUPERINTENDENT OF SCHOOLS—MEMBERSHIP EX-OFFICIO—POWER OF DEPUTY—MANDAMUS.—Although the superintendent of schools has power to appoint deputies to discharge the duties of that officer, yet his membership *ex officio* in the board of education is a distinct office, which cannot be delegated, and he is not entitled to a writ of mandate to compel the board of. education to receive his deputy as a member *ex officio* during his absence from the meetings of the board.

ID.—DUTIES OF BOARD—DELEGATION OF POWER.—The duties of the board of education are legislative and quasi-judicial in their character; and the general rule is that such duties cannot be delegated.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  John Hunt, Judge.

The facts are stated in the opinion of the court.

Carlton W. Greene, for Appellant.

William Denman, for Respondents.

McFARLAND, J.—This is a petition for a writ of mandate commenced in the superior court.  A demurrer to the petition was sustained, and judgment rendered for respondents, and from that judgment petitioner appeals.

The averments of the petition are, substantially, that appellant is, and at the time mentioned therein was, superintendent of common schools of the city and county of San Francisco, and as such was *ex officio* a member of the board of

education of said city and county, ''with all the rights and privileges of a member of said board, excepting solely the right to vote''; that he has a deputy in his office of superintendent named W. H. Kingsbury; that he has demanded of the respondents—the said board of education and certain named persons who are school directors of said city and county—that said deputy be received and recognized by them ''as a member of said board of education,'' and be permitted to sit and act as such member with the respondents in said board, in the name and stead of petitioner during his absence, ''and as such, to participate in all the proceedings and deliberations of said board''; and that respondents refused to allow said Kingsbury to so sit and act with them, or to participate in the proceedings and deliberations of the board in the place of appellant. The prayer is, that the respondent be compelled by mandate to receive said Kingsbury as a member of said board and allow him to participate in the proceedings.

A number of constitutional questions are discussed by counsel, which, under our views of the case, need not be considered. Assuming the provision of the city charter constituting the superintendent of schools a member of the board of education to be valid, still as such member he has no power under the law to appoint a deputy to act for him in that capacity. The duties of that board are legislative and quasi-judicial, and the general rule is, that such duties cannot be delegated; and we have been referred to no law in which there is an attempt to delegate them. The superintendent of schools has power to appoint deputies to assist in discharging his duties as such officer; but a member of the board of education, which is a different office, is nowhere given authority to act by deputy, and the exercise of such authority would be entirely inconsistent with the nature of that office, and an anomaly in the law. A legislative intent that one member of the board could act by deputy while no other member could would have to be very clearly expressed to entitle it to any consideration. Notwithstanding the fact that the superintendent of schools becomes a member of the board of education under a provision of the law different from that under which the other members hold, the two offices are still distinct. (See *Lathrop* v. *Brittain,* 30 Cal. 680; *Swinnerton* v. *Monterey,* 76 Cal. 115.)

Whether or not the legislature might specially provide that a deputy might act for a principal upon a commission or board is a question not before us.

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.