[Civ. No. 26341. Second Dist., Div. One. Apr. 11, 1963.]

BETTY ESTELLE GREEN, Plaintiff and Appellant, v. RULON CUTLER GREEN, Defendant and Respondent.

Keary & Keary, Arthur C. Arnold and Tudor Gairdner for Plaintiff and Appellant.

Ivan E. Lawrence for Defendant and Respondent.

LILLIE, J.—Companion to case No. 26631,* this day affirmed, this appeal is from an order granting in part a motion to quash a writ of execution. We view the scant evidence available to us by way of exhibits, affidavit and deposition in a light most favorable to respondent. (*Grainger* v. *Antoyan*, 48 Cal.2d 805 [13 P.2d 848]; *Primm* v. *Primm*, 46 Cal.2d 690 [299 P.2d 231]; *Crawford* v. *Southern Pac. Co.*, 2 Cal.2d 427 [45 P.2d 183].)

Appellant wife and respondent were married in 1945; upon their separation and in August 1953 she filed the within divorce action and on August 13, 1953, obtained a pendente lite order requiring respondent to pay $75 per month child support, $125 per month alimony, and the mortgage payments and utility bills on the community home. In March 1954 the parties executed a property settlement agreement dividing the community property and settling other matters; while it is silent on the matter of support, respondent in an addenda thereto agreed ''to support the child and wife whether there is a reconciliation or not.'' (Ex. H.) Shortly thereafter, in April 1954, a reconciliation was effected lasting almost four years; during this time respondent lived with and supported appellant and the minor. In December 1957 he left appellant, established residence in Nevada, and filed suit for

*Green* v. *Green*, *post*, p. 37.

divorce. Upon being served with the papers, appellant secured local and Nevada counsel, filed pleadings in the Nevada action, personally and through her counsel appeared and participated in the Nevada trial, and on her own testimony and "as alleged in her defense and counterclaim" (Ex. A, par. 4) and the testimony of respondent relative to his domicile in Nevada, obtained a decree of divorce (entered August 1, 1958), which also awarded her certain community property, child custody, attorneys' fees and child support. (Ex. A.) Almost three years later, in March 1961, appellant caused a writ of execution in the sum of $8,383.68, which she claimed to be due under the pendente lite order of August 13, 1953, to be levied against respondent's property. On July 14, 1961, the within divorce action was dismissed on respondent's motion; he also moved to quash the writ. After three days of testimony and an examination of the affidavits and detailed records introduced by both parties, the lower court, on September 22, 1961, made its order; it found appellant's right to alimony pendente lite under the order of August 13, 1953, was terminated as of August 1, 1958, (date of entry of Nevada decree) and that there was due thereunder $2,000, combined child support and alimony pendente lite, and that there was no arrearage under that portion of the order of August 13, 1953, requiring respondent to pay mortgage payments and utility bills on the community home; and granted the motion to quash writ of execution respecting any amount in excess of $2,000, and restrained levy of execution in excess of $2,000. She appeals from the order.

Appellant claims the lower court erred in (1) finding that her right to alimony pendente lite under the order of August 13, 1953, terminated on August 1, 1958; (2) finding that only $2,000 was due and owing thereunder; and (3) granting respondent's motion to quash the writ as to any amount in excess of $2,000 and restraining the levy of execution in excess of that amount.

This appeal comes to us on the judgment roll and the exhibits, an affidavit and a deposition. Extensive testimony of various witnesses, including the parties, was taken at a three-day hearing, but appellant has elected not to include a reporter's transcript thereof in this record. Thus available to us is only the limited evidence reflected in respondent's affidavit in support of his motion reciting the fact of reconciliation, his support of appellant and payments to her, and the Nevada divorce, appellant's deposition relative to some of these matters,

34

and the exhibits introduced at the trial. This kind of record presents a serious problem where, as here, appellant contends that the lower court erred in its findings, for the assignment of error amounts to the claim that the evidence is insufficient to support the challenged findings. This is borne out by appellant's declarations, unsupported by adequate reference to the record (Cal. Rules of Court, rule 15(a))* and in some instances wholly outside of the record (rule 13)† that she did not forge a check of respondent for $1,500, she did not run up various credit bills totalling $1,650, respondent neither supported her nor made payments under the order, the parties did not reconcile, she did not file pleadings in the Nevada court asking for a divorce (R.B., pp. 2, 4, 6, 7); respondent had not resided in Nevada (A.O.B., pp. 6, 7), and so on, all issues of fact; that she did not say certain things (R.B., pp. 2, 3); and that the trial judge did not believe or "ignored" certain testimony (R.B., p. 2), "erroneously" credited respondent with certain payments (R.B., pp. 4, 6) and "neglected" to consider other matters in determining the amount due (R.B., p. 6). These statements reflect but a few of the numerous factual conflicts in the evidence, but appellant has neither brought up the testimony at the trial nor pointed to anything in the existing record to show that the evidence was not sufficient to support the findings she challenges; she either makes bare assertions of what the facts are without reference to the evidence or recites only those items favorable to her she has picked out of the limited record. Her "attempt to reargue the evidence and the weight thereof in this court is unavailing." (*McCarthy* v. *Tally,* 46 Cal.2d 577, 581 [297 P. 2d 981].)

 It is too well settled to require citation of authority that it is the province of the lower court to judge the effect or value of the evidence and weigh the same, determine the credibility of witnesses and resolve the conflicts in the evidence or in the reasonable inferences to be drawn therefrom. In making its findings, the trial court obviously accepted respondent's evidence on the matters in conflict and rejected appellant's version of what occurred. And if there is a conflict in the evidence the "appellate court will indulge all intendments and reasonable inferences which favor sustaining the finding of the trier of fact and will not disturb that finding when there is substantial evidence in the

*Formerly Rules on Appeal, rule 15(a).
†Formerly Rules on Appeal, rule 13.

record in support thereof. (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557].)'' (*McCarthy* v. *Tally*, 46 Cal.2d 577, 581 [297 P.2d 981].)

Inasmuch as the ''reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact'' (*Tesseyman* v. *Fisher*, 113 Cal.App.2d 404, 407 [248 P.2d 471]), and must accept as true all evidence tending to establish the correctness of the findings as made, taking into account, as well, all inferences which might reasonably have been thought by the trial court to lead to the same conclusion, and resolve every conflict in the testimony in favor of the findings (*Bancroft-Whitney Co.* v. *McHugh*, 166 Cal. 140, 142 [134 P. 1157]; *Patten & Davies Lbr. Co.* v. *McConville*, 219 Cal. 161, 164 [25 P.2d 429]; *Burke* v. *Chrostowski*, 46 Cal.2d 444, 445 [296 P.2d 545]), the burden is on the appellant ''to demonstrate that there is no substantial evidence to support the challenged findings.'' (*Nichols* v. *Mitchell*, 32 Cal.2d 598, 600 [197 P.2d 550]; *Estate of Arstein*, 56 Cal.2d 239 [14 Cal.Rptr. 809, 364 P.2d 33]; *New* v. *New*, 148 Cal.App.2d 372 [306 P.2d 987]; *Refinance Corp.* v. *Northern Lbr. Sales, Inc.*, 163 Cal.App.2d 73 [329 P.2d 109].) A recitation of only her own evidence or a general unsupported denial that any evidence sustains the findings is not the ''demonstration'' contemplated under the rule.

An appellant ''is required to set forth in his brief all of the material evidence on the point and not merely his own evidence. If this is not done, the error assigned is deemed waived.'' (*Tesseyman* v. *Fisher*, 113 Cal.App.2d 404, 407 [248 P.2d 471]; *Kruckow* v. *Lesser*, 111 Cal.App.2d 198 [244 P.2d 19]; *Cooper* v. *Cooper*, 168 Cal.App.2d 326 [335 P.2d 983].)

We are not required to search the record to ascertain whether it contains evidence that will sustain her contentions. (*Fuschi* v. *VirDen*, 107 Cal.App.2d 280 [236 P.2d 829]; *Marson* v. *Rand*, 107 Cal.App.2d 466 [237 P.2d 18]; *Cooper* v. *Cooper*, 168 Cal.App.2d 326 [335 P.2d 983].) Nothwithstanding appellant's disregard of the rules, we have examined the limited record; the evidence amply supports the findings and the order.

Appellant's argument that the court erred in finding that the pendente lite order terminated August 1, 1958, the date of entry of the Nevada decree, is in the main predicated upon the judgment roll of the Nevada action and a transcript of the testimony taken at the Nevada trial which, she claims, will show that the Nevada decree was obtained by fraud and

not entitled to full faith and credit. (A.O.B., p. 6.) Neither the judgment roll nor the transcript of the Nevada proceeding was before the lower court, offered in evidence, brought to its attention or considered by it, nor are they now before this court, we having refused (for that reason) to permit appellant to augment the record on appeal to present this "additional evidence." Therefore, it is improper for appellant to argue matters based on these documents for, not a part of the record, they are outside the scope of review. (Cal. Rules of Court, rule 13;* *Lady* v. *Barrett,* 43 Cal.App.2d 685 [111 P.2d 702]; *Shoemaker* v. *Goldman,* 2 Cal.App.2d 229 [37 P.2d 724]; *Loving & Evans* v. *Blick,* 33 Cal.2d 603 [204 P.2d 23]; *Danziger* v. *Peebler,* 88 Cal.App.2d 307 [198 P.2d 719]; *Estate of Walters,* 99 Cal.App.2d 552 [222 P.2d 100].) Thus we decline to examine such matters as, whether appellant's Nevada pleadings asked for a divorce, to what respondent testified concerning his Nevada domicile and whether the Nevada court made a jurisdictional finding thereon. However, contrary to appellant's representations herein, the findings of fact and conclusions of law of the Nevada court (Ex. A) reveal that she not only appeared in the Nevada case but personally participated in the trial and testified, secured a divorce on her own testimony and "as alleged in her defense and counterclaim" (par. 4), and had full opportunity to contest the jurisdictional issue; and that the Nevada court specifically found in accord with respondent's testimony: "That for more than six weeks immediately preceding the commencement of this action the plaintiff (husband) had been and now is a bona fide and actual resident and domiciliary of the State of Nevada, and had been actually and corporally [*sic*] present in said State for more than six weeks prior to the commencement of this action; that the Court has jurisdiction both as to the subject of the action and of the parties thereto." (Par. 1.)

 In finding that the pendente lite order terminated August 1, 1958, the trial court gave full faith and credit to the Nevada decree and impliedly found that appellant appeared and participated in the Nevada action and had full opportunity to litigate the jurisdictional issue, that the Nevada court found the requisite jurisdictional facts, and that appellant had not been induced by fraud or duress to appear in the Nevada action. We conclude, therefore, in accord with our holding in appeal No. 26631, that the general rule of

---

*Formerly Rules on Appeal, rule 13.

*Sherrer* v. *Sherrer,* 334 U.S. 343 [68 S.Ct. 1087, 1097, 92 L. Ed. 1429, 1 A.L.R.2d 1355] ; and *Coe* v. *Coe,* 334 U.S. 378 [68 S.Ct. 1094, 1097, 92 L.Ed. 1451, 1 A.L.R.2d 1376] (See also *Johnson* v. *Muelberger,* 340 U.S. 581 [71 S.Ct. 474, 95 L. Ed. 552], and *Cook* v. *Cook,* 342 U.S. 126 [72 S.Ct. 157, 96 L.Ed. 146]) controls, that the trial court properly gave full faith and credit to the Nevada decree, and that any factual issue relative to respondent's domicile in Nevada may not be examined. (*Heuer* v. *Heuer,* 33 Cal.2d 268 [201 P.2d 385] ; *Baldwin* v. *Baldwin,* 28 Cal.2d 406 [170 P.2d 670].) Thus, the lower court correctly concluded that, as of the date of its entry, August 1, 1958, the Nevada decree terminated appellant's right to alimony and child support under any then existing order.

For the forgoing reasons the order is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 4, 1963.