[S.F. No. 22749. In Bank. Sept. 25, 1970.]

CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION et al.,
Plaintiffs and Appellants, v.
PERSONNEL COMMISSION OF THE PAJARO VALLEY
UNIFIED SCHOOL DISTRICT OF SANTA CRUZ COUNTY et al.,
Defendants and Respondents.

## COUNSEL

Richard H. Perry for Plaintiffs and Appellants.

Henry J. Faitz and Howard E. Gawthrop, County Counsel, James L. Rankin and Lynne D. Finney, Assistant County Counsel, for Defendants and Respondents.

## OPINION

BURKE, J.—Petitioners appeal from a judgment discharging an alternate writ of mandate and denying a peremptory writ of mandate in an action wherein petitioners sought to compel respondent Personnel Commission of the Pajaro Valley Unified School District ("Commission") to annul, vacate and set aside its judgment of May 11, 1967, dismissing petitioner Virginia Keidel, formerly a bus driver employed by the Pajaro Valley Unified School District ("District"), to compel respondent District to rescind, annul and set aside its action of May 2, 1967 dismissing Mrs.

Keidel, to compel both respondents to reinstate her, and to recover damages for lost compensation due to her.

Petitioners contend that Mrs. Keidel was improperly dismissed, and that District and Commission failed to follow the mandatory dismissal procedures provided for in the Education Code. We have concluded that the correct procedures were not followed and that the trial court's judgment denying mandate should be reversed.

The record herein discloses that on March 21, 1967, Baldwin, the personnel director of Commission and District, informed Mrs. Keidel that District, for various reasons, had terminated her services as bus driver upon the recommendation of Burns, District's business manager. Baldwin advised her that she could file an answer to the charges and request a hearing before Commission. A hearing was held, and on April 25, Commission orally announced its decision against Mrs. Keidel. At this time, she first learned that District's board of trustees in fact had not yet taken any action with respect to dismissing her, and she thereupon objected to further Commission proceedings on the ground that Commission's jurisdiction was exclusively appellate in nature. Her objection was overruled.

On May 2, District's board resolved to dismiss Mrs. Keidel effective that day; the board's minutes indicate that her termination was "recommended" by Baldwin and had the "approval" of Commission. Thereafter, on May 11, Commission made written findings and rendered its judgment dismissing Mrs. Keidel, providing for payment of compensation to her through March 21, "the date on which her services were terminated by the District action . . . ."

A review of the pertinent statutory provisions leads us to conclude that District and Commission did not follow the correct procedures. Initially we observe that the power to employ, suspend, demote and dismiss merit system classified employees is vested in the governing board of each district. Education Code section 13703 provides that "the governing board shall employ, pay, and otherwise control the services" of such employees. Authority to suspend, demote or dismiss employees is contained in section 13742 which, in part, provides that "For reasonable causes an employee may be suspended without pay for not more than 30 days except as provided in this section or may be demoted or dismissed." ██ Although this language does not expressly name the agency empowered to take such action, further portions of section 13742 make it clear that this power is vested solely in the governing board. (See also section 13745, which provides that the board shall reinstate an employee whose appeal has been upheld by the personnel commission.)

 The board's power to suspend, demote or dismiss employees is subject to the right of appeal to the personnel commission. Section 13742 requires the personnel director[1] of the commission to file written charges with the commission and notify the employee thereof within 10 days after the suspension, demotion or dismissal. The employee may appeal to the commission within 14 days thereafter by filing a written answer to the charges (§ 13743); upon investigation and after a hearing at the employee's request, the commission makes its decision, which is not subject to review by the governing board (§ 13744). If the commission sustains the employee, it may order the board to reinstate him with back pay. (§ 13745.)

 Pursuant to sections 13713, 13714 and 13740, the personnel commission is authorized to prescribe rules specifying the procedures to be followed by the governing board in suspending, demoting or dismissing employees. In the instant case, Commission adopted rule 170, setting forth the various grounds for dismissal, and rule 171, pertaining to dismissal procedures. Subdivision A of rule 171 authorizes "the appointing power or his representative, or the Commission or its representative, or any citizen" to file charges with Commission, and permits the appointing power to suspend or dismiss the employee from service until the charges have been heard and determined by Commission. Subdivision J of rule 171 provides that if, after hearing, the charges are not sustained and the employee is found not guilty thereof, Commission shall order judgment directing his reinstatement. If the employee is found guilty, the judgment shall state the action to be taken against the employee and the compensation, if any, to which he is entitled.

 It appears that in enacting rule 171, Commission interpreted the applicable statutes to mean that Commission is empowered to act initially upon charges against employees, from whatever source, and that the only function of the "appointing power" is to order temporary suspension or dismissal pending Commission's "judgment." This interpretation is contrary to the statutory provisions discussed above which provide, by necessary implication, that it is the function of the governing board of each district to suspend, demote or dismiss employees, the function of the commission's personnel director thereupon to file written charges, and the function of the personnel commission to review the board's action on appeal. To the extent rule 171 is contrary to these statutory provisions, it is

---

[1]The personnel director is an officer of the personnel commission under sections 13717-13718; in the instant case, Baldwin served in the dual capacities of Commission's personnel director and District's director of personnel.

void, for an administrative agency has no authority to enact rules or regulations which alter or enlarge the terms of legislative enactments. (*Morris v. Williams,* 67 Cal.2d 733, 748 [63 Cal.Rptr. 689, 433 P.2d 697]; *Ellis* v. *Board of Education,* 27 Cal.2d 322, 325 [164 P.2d 1]; *Whitcomb Hotel, Inc.* v. *California Emp. Com.,* 24 Cal.2d 753, 757 [151 P.2d 233, 155 A.L.R. 405].)

■ We must conclude that District's board of trustees had exclusive jurisdiction to dismiss Mrs. Keidel, and that Commission's jurisdiction was appellate in nature and limited to reviewing prior board action.[2] In the instant case, District's board resolved to dismiss Mrs. Keidel *after* Commission had announced its decision adjudging her dismissed from service. However, in the absence of a prior board dismissal, Commission lacked jurisdiction to act.

Respondents contend that the board's dismissal action of May 2 was, in effect, a ratification of the original March 21 determination to dismiss Mrs. Keidel made by Baldwin, upon Burns' recommendation. Consequently, it is argued, the board's dismissal really occurred on March 21, and Commission had jurisdiction to review that action on appeal.

■ As a general rule, powers conferred upon public agencies and officers which involve the exercise of judgment or discretion are in the nature of public trusts and cannot be surrendered or delegated to subordinates in the absence of statutory authorization. (*Sacramento Chamber of Commerce* v. *Stephens,* 212 Cal. 607, 610 [299 P. 728]; *Webster* v. *Board of Education,* 140 Cal. 331, 332 [73 P. 1070]; *City of Redwood City* v. *Moore,* 231 Cal.App.2d 563, 576 [42 Cal.Rptr. 72]; see 41 Cal.Jur.2d, Public Officers, § 135; 2 McQuillin, Municipal Corporations, § 10.39.) Under normal circumstances and absent statutory provisions to the contrary the dismissal of employees involves the exercise of judgment or discretion. (See 4 McQuillin, *supra,* § 12.233e, and cases cited.)

■ On the other hand, public agencies may delegate the performance of ministerial tasks, including the investigation and determination of facts preliminary to agency action. (*Klevesahl* v. *Byington,* 1 Cal.App.2d 671, 676 [37 P.2d 179]; *Mecchi* v. *Lyon Van & Storage Co.,* 38 Cal.App.2d

---

[2]This conclusion is fortified by the analogous provisions of the Government Code pertaining to the dismissal of state civil service employees. Section 19574 authorizes the appointing power to take "punitive action," including dismissals, and to notify the employee thereof. Thereafter, pursuant to sections 19578 and 19583, the State Personnel Board holds a hearing, reviews the matter, and renders its decision.

674, 682 [102 P.2d 422, 104 P.2d 26]; see 2 McQuillin, *supra,* § 10.41, at pp. 856-857.) Moreover, an agency's subsequent approval or ratification of an act delegated to a subordinate validates the act, which becomes the act of the agency itself. (See *Mott* v. *Horstmann,* 36 Cal.2d 388, 391 [224 P.2d 11]; 2 McQuillin, *supra,* § 10.41, at p. 856; 4 McQuillin, *supra,* § 12.233e at p. 240.)

The Education Code does not expressly authorize a district's governing board to delegate to subordinates the power to suspend, demote or dismiss employees.[3] However, we need not reach the question whether such a delegation would be proper in the absence of statutory authority, for the record in the instant case fails to disclose that District's board even purported to delegate to Baldwin or Burns the responsibility of dismissing classified employees. In the face of a silent record, we cannot presume that a proper delegation was made, since "The power of the [civil service] board being special and limited, no legal presumptions or intendments may be indulged to uphold its order." (*Garvin* v. *Chambers,* 195 Cal. 212, 223 [232 P. 696]; accord, *Swars* v. *Council of the City of Vallejo,* 64 Cal.App.2d 858, 864 [149 P.2d 397]; *Petersen* v. *Civil Service Board,* 67 Cal.App. 70, 78 [227 P. 238].)

■ Similarly, although a public agency may ratify prior actions of subordinates, the board's minutes of its May 2 meeting reflect that in dismissing Mrs. Keidel as of that day, the board was not acting upon, approving or ratifying the prior actions of Baldwin or Burns, but rather was simply following Commission's prior determination that she should be dismissed. It would be unwarranted speculation for us to assume that the board would have dismissed Mrs. Keidel in any event, had Commission not acted prematurely and in excess of its appellate jurisdiction.

■ It is well established that a civil service employee is entitled to have the statutory procedures for dismissal strictly followed (*Wiles* v. *State Personnel Board,* 19 Cal.2d 344, 351 [121 P.2d 673]; *Ahlstedt* v. *Board of Education,* 79 Cal.App.2d 845, 855 [180 P.2d 949]), and fairly construed (*Garvin* v. *Chambers, supra,* 195 Cal. 212, 225). ■ These considerations impel us to conclude that, on the state of the record below, Mrs. Keidel's dismissal was improper.

---

[3]By comparison, Government Code section 19574, pertaining to the dismissal of state civil service employees, vests the authority to dismiss in "The appointing power, or any person authorized by him. . . ."

The judgment is reversed and the trial court is hereby instructed to issue *its* peremptory *writ of mandate reinstating* Mrs. Keidel, upon determining the amount of damages, if any, which she should receive for lost compensation.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.