[Civ. No. 56052. Second Dist., Div. Three. Dec. 26, 1979.]

CARL F. JACKSON, Plaintiff and Appellant, v.
CITY OF POMONA et al., Defendants and Respondents.

COUNSEL

Silver, Wells & Kreisler and Stephen H. Silver for Plaintiff and Appellant.

Paterson & Taggart and David G. Miller for Defendants and Respondents.

OPINION

**POTTER, Acting P. J.**—Petitioner Carl F. Jackson appeals from the judgment denying a writ of mandate. The petition sought to annul a decision of the City Council of the City of Pomona which suspended him from his duty as a police sergeant without pay for a period of one month and demoted him to the rank of senior patrolman. The gravamen of the petition was that on several bases the council "proceeded in excess of its jurisdiction and committed a prejudicial abuse of discretion by not proceeding in the manner required by law," the grounds specified in Code of Civil Procedure section 1094.5. The matter was submitted in effect upon the pleadings, the administrative record,[1] and the argument of counsel.

The administrative record was voluminous, comprising 1 volume of exhibits, totaling 180 pages; and 3 volumes of reporter's transcript of oral testimony at the administrative hearing, totaling 467 pages. The proceedings which culminated in petitioner's suspension and demotion were initiated by a complaint pursuant to Pomona City Code, section 2-40(b).[2] Three specific charges were set forth as follows: "The specific complaints being presented against you at this time are related to your involvement on October 19, 1975, in the arrest of Mr. Joseph Haro, Mr. Juan Nunez, and Mr. Able Estrada at 2318 S. San Antonio Avenue, Pomona (DR #75-19013). 'At that time you totally failed to perform your supervisory duties and responsibilities as a Sergeant of the

---

[1] Two declarations were filed, but their content does not bear upon the issues which we find dispositive of this appeal.

[2] Section 2-40(b) provides in pertinent part: "The aggrieved employee shall first be entitled to be served a written complaint, signed by the appointing authority, setting forth *with particularity the ground or grounds of the proposed dismissal* and, furthermore, advising the aggrieved employee that in the event that he wishes to contest his proposed dismissal, he must file with the personnel director, an answer in writing to the complaint within five business days after service of the complaint." (Italics added.)

Pomona Police Department. You knowingly failed to take or even attempt to assume, required supervisory control of an obvious major police incident.' As a result of the uncontrolled and unsupervised actions of police personnel under your immediate and direct command, one of those arrested was beaten so badly he nearly died. All arrested were treated in a brutal, inhumane, and unprofessional manner, contrary to departmental rules and regulations.

"Subsequently, a citizen's complaint of police misconduct in this incident was filed. Upon being assigned the responsibility of conducting a complete investigation of this complaint, you knowingly submitted an outrageously deficient report (dated October 27, 1975) which is notable for its obvious omissions and any factual discussion of the true nature of the incident. Yet, your investigation concluded with the broad recommendation that the allegations of misconduct be 'not sustained against *any* Officer present' (emphasis added). Such negligence must, in the eyes of all, be considered as an attempt on your part to intentionally conceal the atrocities that occurred. Your demeanor in conducting this investigation was so unprofessional it constituted another abdication of your supervisory responsibilities.

"In other later departmental investigations of the subject incident you consistently misrepresented your involvement, observations, and location at the arrest scene on October 19, 1975, thereby obstructing the Police Department's efforts to clearly, truthfully, and justly assess the events which occurred." Petitioner filed a timely response denying these charges.

After conducting a pretermination hearing pursuant to *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774], the city administrator concurred with the police chief's recommendation and notified petitioner of his termination. Petitioner timely requested the appointment of "a hearing officer to preside in an administrative hearing" as authorized by Pomona City Code section 2-40(c). Thereafter, a hearing officer was appointed in the manner specified in section 2-40(d), which provides for the selection of an impartial hearing officer from a lawyer panel of arbitrators of the American Arbitration Association. Further provisions of said subdivision (d) specify the nature of the hearing. These provisions are as follows: "Testimony may be presented at said hearing by declarations under penalty of perjury if the declarant is available for cross-examination. The hearing officer shall

issue subpoenas to compel the attendance of witnesses if such be necessary at the request of either party. If any person fails to respond to a subpoena issued by the hearing officer, he shall be guilty of a misdemeanor. At such hearing the aggrieved employee shall have the right to appear personally before the hearing officer and present evidence on his behalf to him, and to confront and cross-examine witnesses to be used against him. The aggrieved employee may also be entitled to be represented by an attorney at this hearing and at all other stages of the proceedings. The hearing shall be recorded by a certified shorthand reporter, at the city's expense. However, the transcription cost shall be borne by the party requesting the transcription. The decision of the hearing officer shall rest solely upon the evidence adduced at the hearing. The hearing will be informally conducted and the rules of evidence followed by the court shall not apply and hearsay evidence, otherwise inadmissible in a court of law, shall be admissible, but the hearing officer's decision shall not be based solely on such hearsay evidence. All evidence presented by the parties must be relevant to the issues framed by the complaint and answer. The hearing officer shall within ten days after the matter is submitted, file written findings of fact based upon the evidence presented in the offices of the city clerk, city administrator, the appointing authority, the personnel director, and he shall serve a copy upon the aggrieved employee. In the event that the hearing officer affirms the proposed dismissal of the aggrieved employee, the aggrieved employee may then be suspended, demoted or dismissed, at the discretion of the city administrator. In the event that the hearing officer determines that the aggrieved employee should not be dismissed, the aggrieved employee shall remain in the employ of the city, subject to the discretionary review of the city council."

The hearing consumed three days. Testimony of 21 witnesses was heard, and the hearing officer received some 180 pages of exhibits. At the conclusion of the hearing, the hearing officer issued his written findings, conclusions and recomendations. In this 25-page document the hearing officer comprehensively reviewed the testimony of the witnesses, explained which testimony had been credited and which had not, and found the facts with respect to each charge. It is a model of clarity and precision.

The findings of the hearing officer are summarized in his recommendation as follows: "(1) The charges supporting the dismissal of Carl F. Jackson were NOT substantiated by a preponderance of the evidence."

Subsidiary findings in this respect were spelled out as follows: As to the first charge, the specifics were that "the decision of the Grievant to do what he did was neither improper nor a manifestation of misconduct or impropriety" and "the credited facts do not support the conclusion that the Grievant was directly responsible for alleged serious injuries resulting from alleged misconduct of officers which occurred out of the presence of the Grievant on October 19, 1975, and that the credited facts do not support the conclusion that the Grievant engaged in any improper conduct after his arrival at the scene."

The specification with respect to the second charge was "that based on the preponderance of the evidence, the Grievant did not 'knowingly submit an outrageously deficient report.'"

As to the third charge, the hearing officer specified that he "credited the Grievant's testimony" that the facts with respect to his involvement at the arrest scene on October 19 were as represented to the officers conducting the departmental investigation.

All three specifications were backed up by findings of evidentiary facts supporting them.

Accordingly, as authorized by section 2-40(d), the hearing officer determined "that the aggrieved employee should not be dismissed." The hearing officer observed, however, that the evidence disclosed that petitioner had committed "a gross error in professional judgment" in assigning Senior Patrolman Kidney to conduct an investigation of an incident of charged police brutality in which he was a physical participant.

The hearing officer concluded that petitioner "should sustain some discipline for this serious breach of professional discretion." He recommended[3] in this respect that petitioner be suspended without compensation from May 13, 1977, to June 13, 1977.

Thereafter, the city council acted to review the decision of the hearing officer pursuant to section 2-40(e), which provides in this respect: "The city clerk shall place the written findings of fact and the decision

---

[3]We refer to this as a recommendation because section 2-40(d) does not empower the hearing officer to impose any discipline, only to "affirm[] a proposed dismissal" or determine "that the aggrieved employee should not be dismissed."

of the hearing officer upon the city council's agenda within fourteen days after its filing in his office. The city council shall decide within seven business days thereafter, whether or not to review the decision of the hearing officer. In the event it determines to review the decision of the hearing officer, it shall examine the transcript of the hearing and the documentary evidence introduced at such hearing after three-day notice is given to the appointing authority, and the aggrieved employee of its contemplated review. The city council may determine in such review whether or not there was substantial evidence to justify the hearing officer's decision and it may affirm, revoke or modify the action taken by the city administrator, if he has suspended, demoted or dismissed the aggrieved employee and it may, furthermore, suspend, demote or dismiss the aggrieved employee if it decides the decision of the hearing officer favorable to the employee was not founded on substantial evidence. In either such event, the decision of the city council shall be final. In the event, however, the city council determines not to review the decision of the hearing officer within the time set forth above, the decision of the hearing officer'shall be final."

The result of the city council's action is reflected in its resolution No. 78.36, the text of which is as follows:

"RESOLUTION NO. 78.36

A RESOLUTION OF THE COUNCIL OF THE CITY OF POMONA, CALIFORNIA. ADOPTING IN PART THE FINDINGS AND CONCLUSIONS OF THE HEARING OFFICER IN THE MATTER OF ADVISORY ARBITRATION BETWEEN THE CITY OF POMONA AND CARL F. JACKSON RE: DISCHARGE FOR CAUSE, AND MAKING ADDITIONAL FINDINGS AND CONCLUSIONS, AND MODIFYING THE ADVISORY ARBITATOR'S RECOMMENDATION BY DEMOTING SGT. JACKSON TO PATROLMAN, 5TH STEP, AND SUSPENDING HIM FOR THIRTY DAYS.

"WHEREAS, Section 2-40(d) of the Code of the City of Pomona provides for advisory arbitration of grievances; and

"WHEREAS, Section 2-40(e) allows the Council at its discretion to review the record of the advisory arbitration and either to affirm, revoke or modify disciplinary action taken by the City Administrator; and

"WHEREAS, the City Council chose, on December 12, 1977, to exercise such discretion; and

"WHEREAS, each Council member has read the transcript of the hearing and the recommendations of the advisory arbitrator.

"NOW, THEREFORE, BE IT RESOLVED by the Council of the City of Pomona, California, as follows:

"SECTION 1. The findings and conclusions of Joseph F. Gentile, Hearing Officer, a copy of which is attached hereto, are hereby approved, except as hereinafter set forth.

"SECTION 2. When Sgt. Jackson responded to the Haro residence, on October 19, 1975, he actively avoided participating in supervising the conclusion of an obviously major police incident. After discovering the extent of injuries to police personnel and civilians he failed to investigate thoroughly the degree of supervision and the nature of activities engaged in by his subordinates.

"SECTION 3. The Pomona Police Department procedures for investigating complaints of misconduct require the officer assigned to investigate alleged misconduct to conduct a thorough investigation of any complaint of police misconduct. (City Ex. #7) Sgt. Jackson was assigned to investigate the Citizen's Complaint filed by Mrs. Haro through Councilman Ochoa as the Haro matter, in which three civilians were hospitalized after being arrested by the Pomona Police. Sergeant Jackson was bound to pursue any such investigation assigned to him with uncompromising integrity and thoroughness. Sergeant Jackson ignored his responsibility and shirked his duty by submitting a report which was (1) deficient in facts (2) deficient in investigation techniques and depth (3) not responsive and (4) based upon the investigative work of a direct participant in the events giving rise to the complaint. Sergeant Jackson assigned Senior Patrolman Kidney to the investigation despite the fact that Jackson had counseled Kidney for becoming too involved rather than exercising a supervisory role. Sergeant Jackson made no attempt to assure that requested officers reports were actually submitted; made no attempt to contact the complainant or any of the other involved citizens. Jackson's assignment of Kidney was properly characterized by the Arbitrator as a "gross abuse of professional discretion."

"SECTION 4. Sergeant Jackson compounded his dereliction of duty by failing to inform Sergeant Longfellow during the subsequent, internal investigation of the Haro incident that he had assigned Senior

Patrolman Kidney to conduct the investigation; Jackson failed candidly to explain why citizens had not been contacted. These omissions constitute a serious breach of duty as a police sergeant; as such they constitute separate and distinct acts of misconduct which obstructed the subsequent investigation by the Internal Affairs Department.

"SECTION 5. The Council finds, therefore, that these additional factors disqualify Jackson from being entrusted with employment in a supervisory capacity. The Council finds that based upon the transcript of testimony and the evidentiary documents submitted at the hearing, the record which read as a whole, does not provide substantial evidence to support the limited discipline recommended by the Hearing Officer. Rather, the Council finds that the entire record, reviewed as a whole, contains substantial evidence to support the following discipline:

"A. Sergeant Jackson shall be suspended from duty, without pay, for the period of May 13, 1977, to June 13, 1977.

"B. Sergeant Jackson shall be demoted to the rank of Patrolman (Fifth Step) effective June 13, 1977.

"SECTION 6. Pursuant to Resolution No. 76-258 of the Council of the City of Pomona, the decision to discipline Jackson is final forthwith, and Patrolman Jackson shall be informed by service of certified mail of a copy of this resolution that the time within which judicial review must be sought is governed by Section 1094.6 of the Code of Civil Procedure.

"SECTION 7. The City Clerk shall certify to the passage and adoption of this resolution, and it shall thereupon be in full force and effect."

The trial court announced its intention to sustain the decision of the city council and directed counsel for the city to prepare a judgment. Petitioner requested findings of fact and conclusions of law. These were prepared and submitted by counsel for the city and signed by the court without modification. After reciting the procedural details above set forth, the findings described the action of the city council in the following terms: "7. In accordance with Section 2-40(e) of the Pomona City Code, the City Council elected to review the decision of the Hearing Officer, *and upon the City Council's independent review of the evidence, it timely and properly found* that (1) the Hearing Officer's decision was not supported by substantial evidence, (2) the charges con-

tained in City Council Resolution No. 78.36 of February 27, 1978 were true, and (3) by said Council Resolution reduced Petitioner to the rank of Senior Patrolman effective June 13, 1977, following the said suspension without pay." (Italics added.)

This action (including the imposition of both suspension and demotion) was found not to be in excess of the city council's jurisdiction. The council's action was also found not to be an abuse of discretion "in that the findings [in Resolution No. 78.36], and each of them, were supported by the weight of the evidence." The court then, in effect, adopted each of the council's findings as its finding. Additional findings of the court were that the discipline imposed was not an abuse of discretion in light of these findings.

From its findings the court concluded that the city council did not act in excess of jurisdiction nor commit any prejudicial abuse of discretion and that the petition for writ of mandate should be denied. A judgment was entered accordingly.

### Contentions

■ Petitioner contends that: (1) the city council proceeded in excess of its jurisdiction, contrary to the manner required by law, in that it based its said discipline upon findings contrary to those of the hearing officer without finding that the hearing officer's decision was unsupported by substantial evidence; (2) the discipline imposed (both suspension and demotion) violated the city code; (3) the city council findings, upon which its discipline was based, are outside the scope of the charges and are not supported by any substantial evidence in the record; and (4) either alternative penalty chosen by city is patently excessive. The city controverts each and all of petitioner's contentions.

### Discussion

*Summary*

Petitioner's first contention must be sustained. This requires the action taken by the city council to be annulled and renders moot petitioner's other contentions, but does not terminate the council's authority to deal further with the matter of disciplining petitioner.

*The Pomona City Code Did Not
Authorize the City Council to
Make an Independent Review of
the Hearing Officer's Decision*

The provisions of the Pomona City Code governing the discipline of employees in the classified service are designed to afford the employee the protection of an impartial determination of the facts by a hearing officer, jointly selected by the employee and the city, whose decision with respect to the facts is binding upon the city unless and until it is found to be "not founded on substantial evidence" by the city council upon its review of the matter. The language used to describe the council's function in this respect is identical to that used to describe the function of appellate courts in reviewing the factual determinations of trial courts. For example, in *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362], where the appellant challenged the trial court's findings, our Supreme Court said: "The crucial question in considering defendants' first contention is whether there is any substantial evidence to support the trial court's findings." The court then went on to point out the traditional limitations upon such appellate review, saying in this respect (*ibid.*): "When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact.' (*Primm v. Primm* (1956) 46 Cal.2d 690, 693 [299 P.2d 231]; *Estate of Bristol* (1943) 23 Cal.2d 221, 223 [143 P.2d 689].)

"'It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact.' (*Tesseyman v. Fisher* (1952) 113 Cal.App.2d 404, 407 [248 P.2d 471]; *Pacific Paving Co. v. Mowbray* (1899) 127 Cal. 1, 3 [59 P. 205]; *Green v. Green* (1963) 215 Cal.App.2d 31, 35 [30 Cal.Rptr. 30]; *Davis v. Lucas* (1960) 180 Cal.App.2d 407, 409 [4 Cal.Rptr. 479]; *Gold v. Maxwell* (1959) 176 Cal.App.2d 213, 217 [1 Cal.Rptr. 226]; *Cooper v. Cooper* (1959) 168 Cal.App.2d 326, 331 [335 P.2d 983].) Defendants' contention herein 'requires defendants to demonstrate that there is *no* substantial evidence to support the challenged findings.' (Italics added.) (*Nichols v. Mitchell* (1948) 32 Cal.2d 598, 600 [197 P.2d 550]; *Green v. Green, supra; Davis v. Lucas, supra; Gold v. Maxwell, supra; Cooper v. Cooper, supra.*) A recitation of only defendants' evidence is not the

'demonstration' contemplated under the above rule. (*Green v. Green, supra.*)"

Other statements of the appellate function emphasize the strength of the presumption in favor of the findings of the trier of fact. For example, in *In re Marriage of Mix* (1975) 14 Cal.3d 604, 614 [122 Cal.Rptr. 79, 536 P.2d 479], our Supreme Court said: "The trial court evidently believed Esther. 'The testimony of a witness, even the party himself, may be sufficient.' (6 Witkin, Cal. Procedure (2d ed.) § 248, p. 4240.) Viewing this evidence in the light most favorable to Esther, giving her the benefit of every reasonable inference, and resolving all conflicts in her favor, as we must under the rules of appellate review (*Crawford v. Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183]; 6 Witkin, Cal. Procedure (2d ed.) § 245, pp. 4236, 4237), we conclude that there is substantial evidence to support the trial court's finding that Esther traced and identified the source and funds of her separate property."

This same terminology has traditionally been employed in relation to administrative determinations. For example, in *Mahdavi v. Fair Employment Practice Com.* (1977) 67 Cal.App.3d 326, 340 [136 Cal.Rptr. 421], the court said: "Determinations of fact by an administrative agency must be sustained if supported by substantial evidence. Under the substantial evidence rule the court may not isolate only evidence which supports the administrative finding and disregard other relevant evidence in the record. (*Northern Inyo Hosp. v. Fair Emp. Practice Com.* (1974) 38 Cal.App.3d 14, 24 [112 Cal.Rptr. 872].)"

It is thus apparent that the terms used in section 2-40(e) are words of art, intended to equate the function of the city council with that of an appellate tribunal strictly exercising the traditional appellate function. This function, of course, contrasts with that of trial courts reviewing administrative determinations under the rule stated in *Strumsky v. San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 44 [112 Cal.Rptr. 805, 520 P.2d 29], which requires the court to "exercise its independent judgment on the evidence." This function is referred to as "independent review." (*Zink v. City of Sausalito* (1977) 70 Cal. App.3d 662, 666 [139 Cal.Rptr. 59].)

■ "It is well established that a civil service employee is entitled to have the statutory procedures for dismissal strictly followed. . . ."(*California Sch. Employees Assn. v. Personnel Commission* (1970) 3 Cal.3d

139, 145 [89 Cal.Rptr. 620, 474 P.2d 436].) ▮▮▮ We must then turn our inquiry to the question whether the Pomona City Council acted within the scope of its authority when it reviewed the decision of the hearing officer.

*The City Council Made No Determination*
*That the Hearing Officer's Decision Was*
*Not Founded on Substantial Evidence*

Resolution No. 78.36 uses the term "substantial evidence" only in section 5. It is there found that the record "read as a whole, does not provide substantial evidence to support the limited discipline recommended by the Hearing Officer." This is far short of a determination that the decision of the hearing officer is unsupported by substantial evidence. The hearing officer's recommendation of limited discipline, as hereinafter pointed out, was not part of the decision he was called upon to make. That decision was his findings that the charges were not sustained and his determination that petitioner should not be dismissed. His recommendation of limited discipline was simply gratuitous. There is no ambiguity in section 2-40 as to what is meant by the "decision of the hearing officer." He is specifically required to "file written findings of fact" determining "the issues framed by the complaint and answer." The meaning of the term "decision" in respect of a fact finding tribunal is not obscure. That term has long been used to describe the findings and conclusions of a court or administrative tribunal.

In *Riggs v. Riggs* (1963) 223 Cal.App.2d 594, 598 [35 Cal.Rptr. 793], the court said: "*Findings of fact and conclusions of law constitute the decision of a court.* (Code Civ. Proc. § 632; generally see: 28 Cal. Jur.2d 682, 683, and cases cited therein.) The judgment is not the decision; is entered following such (Code Civ. Proc., § 664); but must conform thereto (*Mather v. Mather*, 22 Cal.2d 713, 718 [140 P.2d 808]; *Nestor v. Burr*, 124 Cal.App. 369, 371-372 [12 P.2d 479]); and if it fails to do so is erroneous. (*Lyden v. Spohn-Patrick Co.,* 155 Cal. 177, 182 [100 P. 236]; *Nestor v. Burr, supra* 124 Cal.App. 369, 372.)" (Italics added.)

Where an administrative tribunal is required to make findings, it is clear that the decision includes the findings, conclusions and disposition. See, for example, Government Code section 11518 (governing certain administrative adjudications) which states: "The decision shall be in

writing and shall contain findings of fact, a determination of the issues presented and the penalty, if any."

Consequently, a finding that no substantial evidence supported the hearing officer's gratuitous recommendation was not a finding that his decision, to wit, his findings, conclusions and his determination that "the aggrieved employee should not be dismissed," was unsupported by substantial evidence.

Nor do the council's own findings (to some extent contrary to those of the hearing officer) constitute implied findings that the hearing officer's findings are without support of substantial evidence. It is obvious that there can be substantial evidence to support findings either way on issues as to which evidence is conflicting. Furthermore, each of these findings omits substantial elements of the specific charges (which were the subject of the hearing officer's findings), thereby substantially altering the gravamen of the alleged offenses.

Our holding in this respect is not hypertechnical. The record is replete with evidence that the city council misconceived its function in reviewing the decision of the hearing officer. Resolution No. 78.36 itself contains such an indication by describing the proceedings before the hearing officer as "advisory arbitration of grievances." The same misconception is repeated in the city's brief on this appeal. There was nothing advisory about the hearing officer's findings. They were, as above stated, binding upon the city, unless found to be unsupported by substantial evidence. Even the findings of the trial court manifest this fallacy. Finding No. 7 describes the city council's action as a proper "independent review of the evidence." As above pointed out, such terminology describes the function of reweighing the evidence so as to reach an independent judgment. Finding No. 7 is undoubtedly correct in this characterization, but that was not the function of the council in the conduct of such review.

It is thus apparent that in reaching its determination to discipline petitioner by suspension and demotion, the city council did not proceed "in the manner required by law," and thus committed an abuse of discretion. (Code Civ. Proc., § 1094.5, subd. (b)), and its action must be annulled.

The discipline imposed by the city council cannot be affirmed on the basis that there is substantial evidence to support the findings of the

city council. To the extent that such findings conflict with findings of the hearing officer, they are irrelevant; in the absence of a finding that the hearing officer's findings are without support in the evidence, his findings are binding. Insofar as the council's findings find related offenses to have been committed, discipline cannot be imposed under section 2-40 except pursuant to a complaint "setting forth with particularity the ground or grounds of the proposed dismissal," unless "further charges" are injected with "the approval of the aggrieved employee."

Furthermore, we find nothing in Pomona City Code section 2-40 authorizing the city council to make any findings of its own except where it determines that the hearing officer's findings are not founded on substantial evidence. In any event, it would be impossible to determine the extent to which the discipline imposed by the city council is based upon its findings inconsistent with those of the hearing officer, rather than its finding of related offenses.

Neither can we direct that the city council be ordered to render a new decision reinstating appellant to his position as police sergeant, effective as of the date of his demotion. The city council still has the power properly to exercise its functions to review the hearing officer's determination. Though we do not suggest that a finding that the hearing officer's decision was without support in the evidence would be upheld in further court proceedings, that determination is in the first place one which must be made by the council. Accordingly, the judgment directing the council to set aside its action should not preclude it from exercising its authorized function of reviewing the hearing officer's findings to determine whether or not there was substantial evidence to justify such findings. (*Bonham* v. *McConnell* (1955) 45 Cal.2d 304, 306 [288 P.2d 502].)

### Disposition

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views above expressed.

Cobey, J., and Allport, J., concurred.