166 Cal.App.3d 1222 (1985)
213 Cal. Rptr. 1
CIVIL SERVICE ASSOCIATION, LOCAL 400, SEIU, AFL-CIO et al., Plaintiffs and Appellants,
v.
REDEVELOPMENT AGENCY OF THE CITY AND COUNTY OF SAN FRANCISCO, Defendant and Respondent.
Docket No. A018807.
Court of Appeals of California, First District, Division One.
March 22, 1985.
*1223 COUNSEL
W. Daniel Boone, Van Bourg, Weinberg, Roger & Rosenfeld and Van Bourg, Allen, Weinberg & Rogers for Plaintiffs and Appellants.
*1224 Lenell Topol, Leo E. Borregard, David J. Oster and Mark J. Doane for Defendant and Respondent.
OPINION
RACANELLI, P.J.
The Civil Service Association (of Local 400, S.E.I.U., AFL-CIO) and Kevin Williams (either Association and Williams or collectively appellants) appeal the denial of their petition for writ of mandate following Williams' termination as a full-time, permanent employee of respondent San Francisco Redevelopment Agency (Agency). We reverse and remand with instructions for the reasons explained hereafter.

FACTUAL BACKGROUND
The salient facts are essentially uncontroverted:
Appellant Williams was a full-time, permanent employee of respondent San Francisco Redevelopment Agency with the classification of "affirmative action specialist." On November 4, 1980, as a result of an alleged physical confrontation between Williams and James Wilson, his supervisor, the latter informed Williams of his suspension for three days.
On November 10, 1980, Williams received written notice of termination from Jane Hale, deputy executive director for finance and administration; the notification provided that the termination decision, effective November 14, 1980, was subject to a right of appeal "through normal management channels to the Executive Director" (Wilbur Hamilton).
On November 19, 1980, a hearing was held before the deputy executive director at which several witnesses, including Williams, testified; none of the proceedings were reported.
On November 20, 1980, the deputy executive director informed Williams by letter that the decision to discharge was upheld.
On November 24, 1980, Williams initiated a request for further appeal to the executive director.
On December 4, 1980, the executive director denied the request stating, in substance, that responsibility for hearing appeals had been delegated to the deputy executive director pursuant to written Agency policy and that he was "satisfied" with her decision.
*1225 Thereafter, mandamus proceedings were instituted by Williams and the Association (his recognized employee organization) claiming the Agency's failure to follow its written personnel policies governing administrative appeals constituted an abuse of discretion under the provisions of Code of Civil Procedure section 1094.5.
This appeal is taken from a judgment in favor of the Agency.

DISCUSSION
(1a) Appellants' principal argument on appeal centers upon the Agency's failure to comply with its regularly adopted "Personnel Policy" rules which provide, inter alia, that a permanent employee terminated "for cause" (art. IV (B)(1)) has a "right of appeal through normal management channels to the Executive Director; ..." (Art. X, italics added.) Agency counters that the action taken by the deputy executive director to hear and decide the appeal was proper as a delegated duty authorized in its bylaws and, in any case, was ultimately ratified by the executive director.
(2) While a reviewing court may not disturb a trial court's determination based upon its independent judgment of substantial evidence supporting a local agency's decision to terminate a permanent employee (see generally Strumsky v. San Diego County Employees Retirement Assn. (1974) 11 Cal.3d 28, 44-45 [112 Cal. Rptr. 805, 520 P.2d 29]), the interpretation and application of a written personnel policy governing an administrative appeal presents a question of law subject to our independent determination. (Killian v. City and County of San Francisco (1978) 77 Cal. App.3d 1, 7 [143 Cal. Rptr. 430]; see also Robinson v. Nevada Irrigation Dist. (1980) 101 Cal. App.3d 760, 769-770 [161 Cal. Rptr. 863]; Millbrae Assn. for Residential Survival v. City of Millbrae (1968) 262 Cal. App.2d 222, 245 [69 Cal. Rptr. 251].)
(3) The power of a public employer to terminate a permanent employee is not unlimited. "As a general rule, powers conferred upon public agencies and officers which involve the exercise of judgment or discretion are in the nature of public trusts and cannot be surrendered or delegated to subordinates in the absence of statutory authorization. (Sacramento Chamber of Commerce v. Stephens, 212 Cal. 607, 610 [229 P. 728]; Webster v. Board of Education, 140 Cal. 331, 332 [73 P. 1070]; City of Redwood City v. Moore, 231 Cal. App.2d 563, 576 [42 Cal. Rptr. 72]; see 41 Cal.Jur.2d, Public Officers, § 135; 2 McQuillin, Municipal Corporations, § 10.39.) Under normal circumstances and absent statutory provisions to the contrary the dismissal of employees involves the exercise of judgment or discretion. (See 4 McQuillin, supra, § 12.233e, and cases cited.)" (California Sch. *1226 Employees Assn. v. Personnel Commission (1970) 3 Cal.3d 139, 144 [89 Cal. Rptr. 620, 474 P.2d 436]; see also San Francisco Fire Fighters v. City and County of San Francisco (1977) 68 Cal. App.3d 896, 901 [137 Cal. Rptr. 607].)
(4a) Dismissal or termination is a quasi-judicial function (Swars v. Council of the City of Vallejo (1944) 64 Cal. App.2d 858, 864 [149 P.2d 397]) which must be undertaken in strict compliance with established procedures. (See California Sch. Employees Assn. v. Personnel Commission, supra, 3 Cal.3d 139, 145; Jackson v. City of Pomona (1979) 100 Cal. App.3d 438, 449 [160 Cal. Rptr. 890].)[1] The failure of a local agency to act in accordance with an applicable ordinance or regulation is subject to challenge in an administrative mandamus proceeding. (See id., at p. 451; Anderson v. San Mateo Community College Dist. (1978) 87 Cal. App.3d 441, 447-448 [151 Cal. Rptr. 111]; American Federation of Teachers v. Oakland Unified Sch. Dist. (1967) 251 Cal. App.2d 91, 97 [59 Cal. Rptr. 85].)
(1b) Herein, contrary to Agency's contention, the dismissal hearing was not limited to an arguably delegable ministerial or preliminary factfinding task. (See California Sch. Employees Assn. v. Personnel Commission, supra, 3 Cal.3d 139, 144-145.) The deputy executive director also purported to impose the ultimate disciplinary sanction of dismissal, a nondelegable exercise in the absence of express authority. (Id., at p. 144.)[2]
Nor are we persuaded by Agency's claim that the executive director's later ratification corrected any deficiency in the dismissal hearing process. The executive director's pro forma letter denying Williams' request for appeal and expressing satisfaction with the decision rendered did not in any manner justify the summary process or ameliorate the resulting prejudicial abuse. The right of appeal extended to Williams "through normal management channels to the Executive Director" explicitly and logically referred to proceedings culminating in final review before the executive director himself. (See Killian v. City and County of San Francisco, supra, 77 Cal. App.3d at pp. 7-8.) Absent contrary written authority, no substituted or delegated procedure was legally permissible.
*1227 When an agency abuses its discretion and acts in excess of its prescribed powers, the action or decision taken is void. (City and County of San Francisco v. Padilla (1972) 23 Cal. App.3d 388, 400 [100 Cal. Rptr. 223] and cases collected.) Accordingly, the judgment must be reversed and remanded for further proceedings.[3]
Williams also claims he was denied a fair pretermination hearing in compliance with due process requirements. (See Skelly v. State Personnel Bd. (1975) 15 Cal.3d 194, 215 [124 Cal. Rptr. 14, 539 P.2d 774].) Agency disputes the claim contending that the November 19 "appeal" hearing, preceded by written notice of the charges and right to respond, satisfied Skelly requirements thus validating termination effective November 14. We agree in part with Williams.
Although the appeal hearing itself was ineffective under governing personnel policy rules, it was at least adequate for purpose of assuring procedural safeguards mandated under Skelly. However, a right to respond to charges "to the authority initially imposing discipline" (id., 15 Cal.3d at p. 215) implies an opportunity for the employee to present an explanation or version of whatever events or circumstances led to the potential dismissal "before a reasonably impartial, noninvolved reviewer...." (Williams v. County of Los Angeles (1978) 22 Cal.3d 731, 737 [150 Cal. Rptr. 475, 586 P.2d 956].) A right to appeal, in common understanding, occurs after final discipline is invoked and implies a further review by another, presumably neutral authority. (Barber v. State Personnel Bd. (1976) 18 Cal.3d 395, 403 [134 Cal. Rptr. 206, 556 P.2d 306].) Obviously, Agency's apparent practice of having the same person who originally imposed the discipline also review that decision raises grave doubts as to the fairness of the appeal. (See also Parker v. City of Fountain Valley (1981) 127 Cal. App.3d 99, 109-110 [179 Cal. Rptr. 351]; Pipkin v. Board of Supervisors (1978) 82 Cal. App.3d 652, 656-657 [147 Cal. Rptr. 502].)
On remand, such defective practice will be discontinued and without prejudice to Williams to prove damages for loss of compensation, if any, in the event discipline short of termination is ultimately imposed. (Cf. California Sch. Employees Assn. v. Personnel Commission, supra, 3 Cal.3d at pp. 145-146.) Moreover, Williams is entitled to renew his claim for an award of attorney fees under the provisions of Government Code section 800 which we determine applied to the administrative proceedings below.
(4b) For guidance on remand, we agree with appellants' argument that in view of the quasi-judicial nature of the disciplinary proceedings, findings *1228 supporting the administrative decision are required as part of the administrative record. (See City of Fairfield v. Superior Court (1975) 14 Cal.3d 768, 779 [122 Cal. Rptr. 543, 537 P.2d 375]; Topanga Assn. for a Scenic Community v. County of Los Angeles (1974) 11 Cal.3d 506, 515 [113 Cal. Rptr. 836, 522 P.2d 12].)
The judgment is reversed and remanded with instructions to the trial court to issue its peremptory writ of mandate to respondent Agency to conduct further proceedings consistent with the views expressed herein and to award attorney fees to Williams under the provisions of Government Code section 800.
Elkington, J., and Holmdahl, J., concurred.
NOTES
[1] Agency concedes that its personnel policy substantially conforms to that governing local civil service employees.
[2] We reject Agency's related argument that such authority is to be found within the broad provisions of Health and Safety Code section 7. Whatever the range of powers which could be construed to be within the statute, it cannot, absent clear authority, include the quasi-judicial function of dismissal proceedings. Moreover, article X of Agency's personnel policy is framed in terms of the employee's right as distinguished from the executive's power.
[3] In view of our determination, it is unnecessary to consider the relevancy or merits of the grand jury proceedings judicially noticed on January 17, 1983.