[Civ. No. 11249.   Second Appellate District, Division Two.—February 25, 1937.]

WILLIAM H. SCHRADER, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Jacob Forst for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Bourke Jones, Deputy City Attorney, for Respondents.

WOOD, J.—Petitioner, an assistant gardener in the employ of the city of Los Angeles, appeals from a judgment entered upon the denial of his motion, made upon notice, for the issuance of an alternative writ of mandate to compel his restoration to employment and the payment of his salary during the period of his alleged wrongful discharge. No evidence was received and no findings were made by the trial court.

From the allegations of the complaint it appears that petitioner was a probationary employee working under the superintendent of parks and the commissioners of the department of parks of the city of Los Angeles. Under the provisions of the city charter· his probationary period was six months. During this period the superintendent of parks attempted to discharge him but did not assign in writing the reasons for the discharge to the board of civil service commissioners until after the expiration of the probationary period. Several days after the expiration of the six months period, written reasons for the discharge were filed with the board of civil service commissioners. Thereafter an order was made by the civil service commissioners upon sufficient findings, in which the restoration to duty of petitioner was ordered.

Section 109 of the charter of the city of Los Angeles provides: "At or before the expiration of the period of pro-

bation, the head of the department or office in which the candidate is employed may discharge him upon assigning in writing the reasons therefor to said board (civil service commissioners). If he is not thus discharged during the period of probation, his appointment shall be deemed complete." Section 112 (a) of the charter provides that employees in the classified civil service may be restored to duty by the commission if it be found that the grounds stated for the discharge were insufficient or not sustained.

It is argued by respondents that petitioner was not a civil service employee and that the civil service commissioners were without jurisdiction to order the restoration. It is contended that it was not necessary to assign in writing the reasons for the discharge before the expiration of the probationary period in order to make the discharge effective. This contention does violence to the plain language of the charter provisions. In the construction of a statute "the office of the judge is . . . not . . . to omit what has been inserted". (Sec. 1858, Code of Civ. Proc.) Such a construction is to be adopted, if possible, as will give effect to all parts of the statute. The word "thus" is defined in the Standard dictionary: "In the way just indicated." Section 109 of the charter provides that the employee may be discharged upon assigning in writing the reasons for the discharge to the civil service commissioners. Immediately following this language in the section it is provided that if the employee is not "*thus* discharged during the period of probation, his appointment shall be deemed complete". The word "thus" undoubtedly refers to the steps to be taken to make the discharge effective, the assignment of the reasons in writing; and the section definitely provides that the discharge must be brought about during the period of probation. Since petitioner was not effectively discharged before the expiration of the period of six months, his appointment to the classified service became complete and the civil service commissioners had jurisdiction to order his restoration.

The judgment is reversed.

McComb, J., *pro tem.*, and Crail, P. J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 26, 1937.