[No. E007689. Fourth Dist., Div. Two. June 10, 1991.]

ALENDRA BIRDSALL, Plaintiff and Appellant, v.
RAYMOND L. CARRILLO, as County Coroner and Public Administrator,
etc., et al., Defendants and Respondents.

COUNSEL

Silver, Goldwasser & Shaeffer and Joel L. Block for Plaintiff and Appellant.

William C. Katzenstein, County Counsel, and William D. Kenison, Deputy County Counsel, for Defendants and Respondents.

OPINION

**DABNEY, Acting P. J.**—Petitioner Alendra Birdsall appeals from a judgment of dismissal following the sustaining of a demurrer without leave to amend. Birdsall filed a petition for writ of mandate against the County of Riverside, the Personnel Director of the County of Riverside, and the Coroner and Public Administrator of the County of Riverside (referred to collectively as County). In her petition, she claimed that she had acquired permanent status as a deputy coroner I when she was terminated from that position. She alleged that the County terminated her without providing due process and statutory rights consistent with her status as a permanent employee. She repeats these contentions on appeal and adds challenges to the timeliness of the demurrer and the trial court's failure to specify the grounds for its order.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 15, 1987, Birdsall became employed by the County as a hospital admissions and collections clerk. On January 14, 1988, she became a permanent employee of the County. On June 16, 1988, she was promoted to the position of deputy coroner I.

In September 1988, Birdsall was given a satisfactory employment evaluation by her supervisor. Nevertheless, on December 2, 1988, Birdsall was given a letter which stated, "This letter is to notify you that effective at 5:00 p.m., on Wednesday, December 14, 1988, you will be terminated from your probationary position of Deputy Coroner I with the Riverside County Coroner's Office. You have not demonstrated all of the qualifications necessary for the position during your probationary period.

"You do have the right to return to your former department if you so desire.

"As a probationary employee, you have no appeal rights to this action."

On December 13, 1988, Birdsall was given a second letter which stated, "This supersedes our letter of December 2, 1988. On Thursday, June 16, 1988, you were promoted from Admissions and Collections Clerk, Range 148, Step 3, to your present position of Deputy Coroner I, Range 231, Step I. This letter is to notify you that you have not demonstrated all of the qualifications necessary for the position during your probationary period.

"Effective after 5:00 p.m., on Wednesday, December 14, 1988, you will be returned to your previously held classification of Admissions and Collections Clerk, Range 148, Step 3, with the Riverside County General Hospital. You are instructed to report there for duty after that time.

"This action is being taken in accordance with Section 3.E. of County Salary Ordinance No. 440."

Birdsall filed a petition for writ of mandate in which she alleged that at 4 p.m. on December 13, 1988, she completed sufficient working days and working hours to qualify her for permanent status as a deputy coroner I. She contended that the County violated her due process and statutory rights as a permanent employee when it terminated her without adequate notice, charges, opportunity for a reply, or opportunity for appeal before an impartial tribunal.

The County filed a demurrer to her petition. The trial court sustained the demurrer without leave to amend on the ground that the petition did not state facts sufficient to entitle Birdsall to relief.

## DISCUSSION

The County demurred to Birdsall's petition on the grounds that (1) the County had notified Birdsall of its intent to terminate her as a deputy coroner I during her probationary period; and (2) her probationary period expired at the end of the day on December 14, 1988.

*Completion of Probationary Period.* ■ The first issue for our review is when, under County ordinances, an employee completes probation. The matter turns on interpretation of the controlling ordinances and is thus solely an issue of law which this court determines independently. (*Sigala* v. *Goldfarb* (1990) 222 Cal.App.3d 1450, 1454 [266 Cal.Rptr. 96].)

Birdsall asserts that on December 13, 1988, at 4 p.m., she acquired permanent status after working 1,040 hours, or 130 working days, in the new

position.[1] Birdsall argues that under County ordinances, she was therefore a permanent employee at the time of her termination as a deputy coroner I the following day.

The County contends that an employee's probationary period ends after the employee completes 13 pay periods, and Birdsall's probation ended at 4 p.m. on December 14, 1988, coincident with the end of the 13th complete pay period following her promotion to the deputy coroner I position. The County thus argues that Birdsall never attained permanent status as a deputy coroner I.

Several County ordinances discuss permanent and probationary employment. County Ordinance No. 440, section 3K, subd. (2) states, "Each employee who has completed the period of probationary status has permanent status in the position in which he has completed said period."

County Ordinance No. 440, section 1(x) states, " 'Probationary employee' means a regular or seasonal employee . . . who has not completed a probationary period of *1040 working hours* of service in a paid status in a position to which he was promoted, or to which he was transferred." (Italics added.)

County Ordinance No. 440, section 3(K) states, "(1) . . . Each regular and seasonal employee who has been promoted or who has been transferred to another department shall be in a probationary status from the effective date of such promotion or transfer to the new position until he shall have completed *130 working days* of service in a paid status in that position without termination." (Italics added.)

Finally, County Ordinance No. 440, section 5E provides, "*During the first 1040 working hours* of service in a paid status following a promotion, a regular employee who has been promoted from another department . . . and who held permanent status at the time of the promotion, shall, upon the Department Head's request, be returned to a position in the previously held classification in the former employing department . . . ." (Italics added.)

Contrary to the County's position, under the clear language of the ordinances the probationary period is measured in terms of hours or days, not pay periods. The thrust of the ordinances appears to be to establish a uniform probationary period for all employees. If the County wished for termination

---

[1]Under the standard governing review of the sustaining of a demurrer, we accept as true Birdsall's allegation that she completed 1,040 working hours and 130 working days on December 13, 1988, at 4 p.m. (*Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216].)

of probation to coincide with the end of a pay period, the ordinance easily could have stated that.

The County notes that County Ordinance No. 440, section 5G provides, "On demotion, the salary shall be at the rate of the same step on the new range as was applicable to the previous range. The anniversary date shall not change. The effective date of all demotions shall coincide with the first working day of a pay period." However, this section does not define probationary employment status, and therefore does not support the County's position. We thus reject the County's interpretation of the ordinance and conclude that Birdsall's probation status ended at 4 p.m. on December 13, 1988.

*Sufficiency of Notice.* ▆ The next issue is whether, under County ordinances, an employee who receives a notice of termination during her probationary period, to take effect after she acquires permanent status, is entitled to procedural protections due to permanent employees. Birdsall contends that unless a notice of termination actually takes effect during the probationary period, the employee is entitled to procedural protections of a permanent employee.[2] This is likewise solely an issue of law for our de novo determination. (*Sigala* v. *Goldfarb, supra,* 222 Cal.App.3d at p. 1454.)

▆ A probationary employee serves at the pleasure of the County and may be rejected from a position without a hearing or judicially cognizable good cause.[3] (*Swift* v. *County of Placer* (1984) 153 Cal.App.3d 209, 215 [200 Cal.Rptr. 181].) However, when as here, a county has adopted a civil service ordinance, it must strictly follow established procedures to dismiss or demote a permanent employee. (*Id.,* at pp. 215-217 & fn. 8; *California Sch. Employees Assn.* v. *Personnel Commission* (1970) 3 Cal.3d 139, 145 [89 Cal.Rptr. 620, 474 P.2d 436].)

▆ In *Santillano* v. *State Personnel Board* (1981) 117 Cal.App.3d 620 [173 Cal.Rptr. 1], the court stated, " 'A civil service probationer is entitled to have the statutory procedure for dismissal strictly followed.' [Citations.] Among other things the requisite written notice of rejection must be made effective not 'later than the last day of the probationary period' and must be served on or before its effective date. [Citations.] If these time limits are not met, no rejection is effected. [Citation.]" (*Id.,* at p. 623; see also *Currieri* v. *City of Roseville* (1970) 4 Cal.App.3d 997, 1001-1002 [84 Cal.Rptr. 615];

---

[2]The County fails to respond to this contention, but relies solely on its erroneous assumption that the termination did take effect during Birdsall's probation.

[3]County Ordinance No. 440, section 3K(8) states, "A regular or seasonal employee who has not completed the probationary period, . . . shall serve at the pleasure of the department head and is not entitled to the review procedure."

*Schrader* v. *City of Los Angeles* (1937) 19 Cal.App.2d 332, 333-334 [65 P.2d 374].)

In *Wiles* v. *State Personnel Board* (1942) 19 Cal.2d 344 [121 P.2d 673], the court considered a factual situation closely analogous to that before us. The court first determined that the employee's probationary period ended on February 12, 1939. The court then stated, "[T]he question remains whether petitioner was properly rejected on or before that date. The letter of rejection, dated February 9, 1939, and served on petitioner on February 10, 1939, opened with the sentence '*Effective March 4, 1939*, your services as Personnel Officer, California National Guard, *will be terminated.*' [Italics added.]" (*Id.*, at p. 350.) The court stated, "No amount of argument can change the future tense to the present tense so that the rejection may be deemed to have been made prior to the termination of the probationary period. If notice of a future dismissal within the six months' probationary period were all that was required under section 122 of the Civil Service Act, then the probationary status could be extended indefinitely." (*Id.*, at p. 351.)

The court continued, "It may be true that respondent . . . intended an immediate rejection on February 9, 1939, but, as previously pointed out, there was no such rejection accomplished by the notice given. A civil service probationer is entitled to have the statutory procedure for dismissal strictly followed. [Citations.] The procedure here required rejection within the six months' probationary period. This procedure was not followed and the mere intent to dismiss within the period was not sufficient. A rejection not having been accomplished within the probationary period, no dismissal was effected. [Citations.]" (*Wiles* v. *State Personnel Board, supra,* 19 Cal.2d at pp. 351-352.)[4]

The notices given Birdsall suffer from the same defects as the notice in *Wiles.* The first notice tracks the language of that given in *Wiles* almost verbatim. The second notice, although phrased differently, still provides that Birdsall's rejection as a deputy coroner I was not to take effect until after 5 p.m. on December 14, 1988.

Had the County stated that the rejection would take place immediately, there would have been no problem. However, since the rejection did not take effect until *after* Birdsall had completed the probationary period, we must

[4]*Wiles* was decided by a bare majority of the court. In our view, the position taken by the three dissenting justices is more reasonable. The dissenters concluded that a notice of rejection served on the employee within the probationary period was legally effective. (*Wiles, supra,* 19 Cal.3d at pp. 352-353, dis. opn. of Edmonds, J.) Nonetheless, we are bound to follow the majority opinion in *Wiles.* (*Auto Equity Sales* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].)

conclude that Birdsall was entitled to all the procedural protections due to a permanent employee. The trial court therefore erred in sustaining the County's demurrer.

DISPOSITION

The judgment is reversed.

Hollenhorst, J., and McKinster, J., concurred.