[No. B121152. Second Dist., Div. Two. Oct. 28, 1998.]

CARLOS ENRIQUE ZERON, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

## COUNSEL

Bruce Philip Barnett for Plaintiff and Appellant.

James K. Hahn, City Attorney, Frederick N. Merkin and Leslie E. Brown, Assistant City Attorneys, for Defendants and Respondents.

## OPINION

**NOTT, J.**—Carlos Enrique Zeron appeals from a judgment denying a petition for a writ of mandate against respondents City of Los Angeles (City) and Bernard Parks, in his capacity as chief of police.

The Charter of the City of Los Angeles provides at article IX, section 109(c) that a candidate for police officer may be required to serve a probationary period of up to 18 months. The section further provides that unless the candidate is terminated in writing by notification to the civil service commission (Commission) prior to the expiration of the probationary period, such candidate becomes a tenured police officer.[1]

There is a significant difference between being a probationary officer and a tenured officer, particularly when termination is involved. A tenured officer may only be discharged for cause, after having received a full hearing. (*Currieri* v. *City of Roseville* (1970) 4 Cal.App.3d 997, 1001 [84 Cal.Rptr. 615].) In the City, such a board of rights hearing is held before a three-person panel. Four police officers of the rank of captain (or above) are selected at random, from which the probationary officer may eliminate two. The other panel member is a civilian, selected by a procedure outlined in City ordinances. The burden is on the department to prove its case by a preponderance of the evidence. After the hearing, the chief of police may

---

[1] Los Angeles City Charter, article IX, section 109(c) provides, in pertinent part: "At or before the expiration of the probationary period, the appointing authority of the department or office in which the candidate is employed may terminate him upon assigning in writing the reasons therefor to said board. Unless he is thus terminated during the probationary period his appointment shall be deemed complete."

impose a lesser penalty than suggested by the panel but not a greater one. (L.A. City Charter, art. XIX, § 202; Gov. Code, § 3300 et seq.[2])

On the other hand, a probationary officer may be terminated without cause. (*Birdsall* v. *Carrillo* (1991) 231 Cal.App.3d 1426, 1431 [282 Cal.Rptr. 504].) However, if the reason or reasons behind the discharge would tend to besmirch the officer's reputation and negatively impact on future employment, the officer is entitled to a "liberty interest" hearing to clear his or her name. (*Lubey* v. *City and County of San Francisco* (1979) 98 Cal.App.3d 340, 346 [159 Cal.Rptr. 440].) Although the procedural rules vary from city to city (*Binkley* v. *City of Long Beach* (1993) 16 Cal.App.4th 1795, 1807 [20 Cal.Rptr.2d 903]), a "liberty interest" hearing involving a police officer is generally held before a single hearing officer, whose recommendation may be adopted, ignored, or modified by the chief of police. (*Riveros* v. *City of Los Angeles* (1996) 41 Cal.App.4th 1342, 1358-1362 [49 Cal.Rptr.2d 238].)

The issue with which we are here presented is whether appellant had achieved tenured status as a police officer prior to his termination. We hold that he did and reverse the decision of the trial court that denied him a board of rights hearing. In view of that decision, we need not discuss appellant's alternate issue that the conclusions reached in the "liberty interest" hearing with which he was provided were not supported by substantial evidence.

## FACTS

Appellant was hired by the Los Angeles Police Department (Department) as a probationary police officer on October 30, 1995. His probationary status was to last until April 30, 1997.

Prior to being accepted for employment, appellant was required to complete a preinvestigation questionnaire. The questionnaire contained a warning (acknowledged by appellant) that a false answer or misrepresentation would be a ground for dismissal. One of the questions asked was whether appellant ever had sexual intercourse with anyone under the age of 18. He answered "no."

In November of 1996, a female police officer (who happens to be the sister-in-law of appellant) advised the Department that she had sexual intercourse with appellant when she was 14 and he was 21. The Department undertook an investigation, which culminated with a written notice of termination of employment being mailed to appellant on April 25, 1997. For some

---

[2]Those sections are known as the Public Safety Officers Procedural Bill of Rights Act.

unexplained reason, the Department did not notify the personnel department of the Commission about the dismissal until May 8, 1997, which was eight days after appellant's probationary period expired.

A "liberty interest" hearing was held in July of 1997. The hearing officer found that the charges against appellant for lying on the questionnaire were true and recommended that appellant's discharge from employment be upheld.[3] Chief Parks adopted that recommendation. Appellant then brought a petition for writ of mandate, which was denied.

DISCUSSION

### 1. Charter Section 109

■ Los Angeles City Charter, article IX, section 109(c) is the key provision for resolution of this matter. As previously stated, the critical language of that section requires that in order to terminate appellant, the Department was required to notify the Commission in writing of that action. Further, the section provides that unless a probationary employee is terminated prior to the end of his or her probationary period, the employment is "deemed complete."

"A civil service probationer is entitled to have the statutory procedure for dismissal strictly followed." (*Wiles* v. *State Personnel Board* (1942) 19 Cal.2d 344, 351 [121 P.2d 673]; *Santillano* v. *State Personnel Bd.* (1981) 117 Cal.App.3d 620, 623 [173 Cal.Rptr. 1].) Holding true to that tenet is the case of *Schrader* v. *City of Los Angeles* (1937) 19 Cal.App.2d 332 [65 P.2d 374]. There it was held that the failure to notify the Commission of the termination of a probationary employee within the probation period resulted in the employee achieving tenured status. In their response brief, respondents did not bother to discuss *Schrader*, despite the fact that case has been the law for over 50 years and is part of the annotations cited under Los Angeles City Charter, article IX, section 109.

This case is virtually identical to *Schrader*. Here, the termination notice to appellant was delivered within the probationary period. However, under the express terms of Los Angeles City Charter, article IX, section 109(c), termination is not complete until a written notice of the termination with the reasons therefor is delivered to the Commission. Here, that notice was not

---

[3]The record does not contain any information as to how the "liberty interest" hearing was implemented. It does appear that appellant requested a board of rights hearing after the decision against him in the "liberty interest" hearing. The parties did not raise below or here whether appellant's request for a board of rights hearing was timely.

delivered until May 8, 1997, eight days after the end of appellant's probationary period. Thus, as in *Schrader*, appellant's probationary period expired before he was officially terminated. Unless the probationary period was somehow extended beyond April 30, 1997, appellant was a fully tenured police officer at the time he was actually terminated and was entitled to a board of rights hearing.

### 2. *The Probationary Period Was Not Extended*

Both sides have cited *Riveros* v. *City of Los Angeles, supra,* 41 Cal.App.4th 1342 as authority for their respective positions. Respondents contend that its application would extend the probationary period to at least May 8, the date the Department gave written notice to the Commission. On the other hand, appellant interprets *Riveros* as supporting his position.

*Riveros* also involved a probationary police officer, who started employment on September 9, 1991. His probationary period was to expire on March 9, 1993. However, in early November of 1992, he was charged with having sex with an 18-year-old female drug user he had previously arrested. Officer Riveros was subsequently handed a 22-day suspension on February 19, 1993, by the assistant chief of police. However, on February 23, 1993, the chief of police overruled that decision and sent Officer Riveros a notice of termination. Written notice to the Commission was not sent until April 14, 1993, after the probationary period of Officer Riveros expired.

A "liberty interest" hearing was held on March 23, 1993. The hearing officer recommended a 22-day suspension. That recommendation was overruled by the chief of police, who ordered that Officer Riveros be dismissed. The civil service board rejected the demand for reinstatement made by Officer Riveros on the basis that it had no jurisdiction, in that he was fired while on probation.

Appellant's petition for a writ of mandate was denied by the superior court, and Division Five of this appellate district affirmed that result on appeal. Citing the holding in *Randolph* v. *City of Los Angeles* (1977) 67 Cal.App.3d 201 [136 Cal.Rptr. 543], the *Riveros* court noted that the civil service board's rule 5.26 (rule 5.26) could extend the probationary period set forth in Los Angeles City Charter, article IX, section 109(c). Under rule 5.26, if a probationary employee was absent for more than seven days (not including vacation or overtime credits) that employee's probation may be extended by the entire period of time missed. The appellate court thus held that the probationary period "was extended by [Officer Riveros'] absences from the date of his notice of termination on February 24, 1993, to April 14,

1993, when Chief Williams signed the order of termination which was forwarded to the Board." (*Riveros* v. *City of Los Angeles, supra,* 41 Cal.App.4th 1342, 1352, fn. omitted.) Most important to the issue before us, the *Riveros* court stated that rule 5.26 applied because more than seven days had expired between the date of the notice of termination (February 24) and the end of the probationary period (March 9). (41 Cal.App.4th at p. 1352.)

Neither *Randolph* nor *Riveros* is factually consistent with the facts in the case before us relative to the crucial application of rule 5.26. In *Randolph* and *Riveros,* each employee had over seven absences, which brought the "probation extension" features of rule 5.26 into play. The same is not true in the case at bar, as appellant had only five days of absence.

*Randolph* involved a fire department paramedic who was serving a six-month probation that was to expire on May 24, 1975. Randolph was terminated on May 29, 1975. The appellate court upheld his termination as a probationary employee for the reason that Randolph had accumulated 16 days of absences for industrial injuries. Since Randolph had over seven days of absences, rule 5.26 extended the probationary period by sixteen days, which brought the notice of termination within the statutory time.

Likewise, as we have pointed out, the notice of termination in *Riveros* was given at the latest by February 24, and thus Officer Riveros suffered more than seven days of absences prior to his March 9 end-of-probation date.

The present case is different. The notice of termination was only five days before appellant's end of probation. Other than the time off due to the April 25 termination notice, appellant had no other absences. Therefore, rule 5.26 does not apply, as the threshold requisite of seven absences was not reached.

In accordance with the principle that a civil service employee is entitled to a strict interpretation of the statutory rules for dismissal, we hold that the appellant's period of probation was not extended within rule 5.26. The failure of the Department to notify the Commission in writing of appellant's termination until after his period of probation had passed resulted in appellant's achieving the status of a tenured police officer. As such, he is entitled to all of the rights a tenured officer would have when facing dismissal, including a board of rights hearing.

We also note that there are no equitable considerations here that run in favor of respondents. The complaint against appellant was made by at least November of 1992, over six months before appellant's probationary status was to expire, which would seem to be ample time to investigate and resolve

this matter. In any event, any issue involving tenure could have been avoided entirely had the Department followed the simple expedient of providing the Commission with a proper notice of termination at the same time it gave notice to appellant.

## DISPOSITION

The judgment of the trial court is reversed. The matter is remanded for proceedings consistent with this opinion. Appellant is awarded costs on appeal.

Boren, P. J., and Fukuto, J., concurred.