BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE GREG AGHAZARIAN, MEMBER OF THE ASSEMBLY, has requested an opinion on the following question:
May the governing board of a school district avoid the conflict of interest provisions of Government Code section 1090 by adopting a policy delegating to the district superintendent its authority to contract on behalf of the district and thus allow the superintendent to approve a promotion for the spouse of a member of the governing board as well as lease school equipment from a firm that employs the spouse of another board member?
 CONCLUSION
The governing board of a school district may not avoid the conflict of interest provisions of Government Code section 1090 by adopting a policy delegating to the district superintendent its authority to contract on behalf of the district and thus allow the superintendent to approve a promotion for the spouse of a member of the governing board as well as lease school equipment from a firm that employs the spouse of another board member.
 ANALYSIS
In 1988, a school district hired an employee as a noon aide at an elementary school and thereafter granted her various promotions to secretarial and administrative positions. In 1996, the employee's spouse was elected to the governing board of the district. In 2002, the spouse of another board member went to work for a firm that leased copy machines to the district. The firm has more than 10 employees, and the leases have been executed over the prior eight years without competitive bidding. The spouse has no ownership interest in the firm and has not been personally involved in the leasing of equipment by the firm.
The district's governing board has delegated to the district superintendent its authority to approve promotions and purchase and lease school equipment under the terms of Education Code section 35161, which provide:
 "The governing board of any school district may execute any powers delegated by law to it or to the district of which it is the governing board, and shall discharge any duty imposed by law upon it or upon the district of which it is the governing board, and may delegate to an officer or employee of the district any of those powers or duties. The governing board, however, retains ultimate responsibility over the performance of those powers or duties so delegated."
The question presented for resolution is whether the district superintendent may exercise his delegated authority to approve a promotion for the spouse of the one board member and lease equipment from a firm that employs the other board member's spouse without violating the conflict of interest provisions of Government Code section 1090.[1]
We conclude that the conflict of interest prohibition cannot be avoided by the board's delegation of its authority to the superintendent.
Section 1090 states in part:
 "Members of the Legislature, state, county, district, judicial district, and city officers or employees shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they are members."
The prohibition of section 1090 is specifically applicable to the members of the governing board of a school district. (Ed. Code, § 35233)
The purpose of section 1090 "is to remove or limit the possibility of any personal influence, either directly or indirectly which might bear upon an official's decision, as well as to void contracts which are actually obtained through fraud or dishonest conduct." (Stigall v. City of Taft (1962) 58 Cal.2d 565, 569; see Thorpe v. Long Beach Community College Dist. (2000) 83 Cal.App.4th 655, 659; Fraser-Yamor Agency, Inc. v. County of Del Norte (1977) 68 Cal.App.3d 201, 215.)
Section 1090, when it applies, stands as an absolute bar to entering into the prohibited contract. For example, the prohibition cannot be avoided by having the board member with the proscribed interest abstain from participating in the decision-making process. (Thomson v. Call, supra, 38 Cal.3d at p. 649; Fraser-Yamor Agency, Inc. v. County of Del Norte, supra, 68 Cal.App.3d at pp. 211-212.)
It is well established that the financial interest of one spouse will be attributed to the other spouse for purposes of section 1090. (Thorpe v. Long Beach Community College Dist., supra, 83 Cal.App.4th at p. 659; 85 Ops.Cal.Atty.Gen. 34, 36 (2002); 69 Ops.Cal.Atty.Gen. 257, 258, fn. 5 (1986).) Further, an employee of a school district has a contractual relationship with the governing board of the district concerning the terms of that employment. (Thorpe v. Long Beach Community College Dist., supra, 83 Cal.App.4th at p. 659; 84 Ops.Cal.Atty.Gen. 175, 177 (2001); 69 Ops.Cal.Atty.Gen. 102, 106 (1986).) While a school employee may remain employed after his or her spouse becomes a member of the school district board, section 1090 prohibits the district from promoting the employee if the promotion requires the approval of the board. (§ 1091.5, subd. (a)(6); Thorpe v. Long Beach Community College Dist., supra, 83 Cal.App.4th at pp. 663-664; 84 Ops.Cal.Atty.Gen., supra, at pp. 178-180; 80 Ops.Cal.Atty.Gen. 320, 321-322 (1997); 69 Ops.Cal.Atty.Gen. 255, supra, at p. 260.)[2]
Similarly, a school district board generally may not lease school equipment from a firm that employs the spouse of a board member. (See 85 Ops.Cal.Atty.Gen. 34, 35-36 (2002); 81 Ops.Cal.Atty.Gen. 169, 171-172 (1998).) Limited exceptions apply where certain "remote interests" and "noninterests" have been defined as not coming within section 1090's prohibition. (§§ 1091, 1091.5.) Under the particular circumstances presented here, the board member's interest would not qualify as either a remote interest under the provisions of section 1091 or a noninterest under the provisions of section 1091.5.[3]
Nonetheless, it is contemplated that the promotion approval and lease agreement would not be granted or executed by the school district board itself, but rather by the district superintendent under his statutorily delegated authority. May section 1090's prohibition be avoided by the board if it is the district superintendent who enters into the contracts pursuant to Education Code section 35161?
Each school district in the state is under the control of a governing board. (Ed. Code, § 35010, subd. (a).) A school board may act in any manner that is not inconsistent with state law and not inconsistent with the purpose for which school districts are established. (Cal. Const., art. XIV, § 14; Ed. Code, § 35160) The Legislature has given express authority to school boards to enter into contracts for employment (Ed. Code, §§ 45109
[non-merit-system districts], 45241 [merit-system districts]) and the purchase of goods and services (Ed. Code, §§ 17595-17606; Pub. Contract Code, § 20111; see 71 Ops.Cal.Atty.Gen. 266, 268 (1988)).
The Education Code thus provides that a school district's authority to enter into contracts, whether related to employment or the purchase or lease of equipment, remains vested in the governing board; and when a district superintendent or other administrator participates in the making of the contract, he or she does so not independently but on behalf of the board. (§§ 35161, 35035; see §§ 17595 et seq.; California Sch. Employees Assn. v. Personnel Commission (1970) 3 Cal.3d 139, 142, 143; Personnel Com. v. Barstow Unified School Dist. (1996) 43 Cal.App.4th 871,878, 879-880; see Main v. Claremont Unified School Dist. (1958)161 Cal.App.2d 189, 204, disapproved on another ground in Barthuli v. Board of Trustees (1977) 19 Cal.3d 717.)
Moreover, the Education Code requires that every official action taken by the governing board-including contracts-be affirmed by a formal vote of the members of the board. (Ed. Code, §§ 17604, 35163.) And when the board affirms an act that has been delegated to a subordinate, the act becomes the act of the board itself. (See California Sch. Employees Assn. v. Personnel Commission, supra, 3 Cal.3d at p. 145.) Indeed, a contract that has not been ratified or approved by the governing board is invalid. (El Camino Community College Dist. v. Superior Court (1985) 173 Cal.App.3d 606, 616; Santa Monica Unified Sch. Dist. v. Persh (1970) 5 Cal.App.3d 945, 952.)[4]
In light of these authorities, we find that a governing board may not avoid the conflict of interest provisions of section 1090 by adopting a policy delegating its authority to the district superintendent to enter into contracts. (See Thomson v. Call (1985) 38 Cal.3d 633, 649.) While clearly the governing board may delegate its contractual authority to the district superintendent (Ed. Code, §§ 17595-17606, 35161,35035), the superintendent's contractual powers remain subject to the review and control of the governing board as a matter of law. As Education Code section 35161 itself states: "The governing board, however, retains ultimate responsibility over the performance of those powers and duties so delegated." Any policy that purports to divest the governing board of its responsibility to contract on behalf of the district would be contrary to state law. (Cal. Const., art. XIV, § 14; Ed. Code, §§ 35010, subd. (b), 35160; see California Sch. Employees Assn. v. Personnel Commission, supra, 3 Cal.3d at pp. 143-144.)
The present circumstances may be distinguished from those in certain of our prior opinions where we have concluded that a public agency board may avoid violating section 1090 when the contract is made by an "independent" government official who does not have a conflict of interest. For example, in 57 Ops.Cal.Atty.Gen. 458 (1974), we concluded that a county purchasing agent, who had independent statutory authority to contract on behalf of the county, could contract with a county supervisor to provide tow truck services to the county. (See also 21 Ops.Cal.Atty.Gen. 90 (1953); 14 Ops.Cal.Atty.Gen. 78 (1949); 3 Ops.Cal.Atty.Gen.188 (1944).) "The significant fact in each of these opinions is the independent status of the party contracting on behalf of the government agency." (21 Ops.Cal.Atty.Gen., supra, at p. 92.) That fact is not present here, since a district superintendent's authority to contract remains subject to the review and ratification of the governing board under state law.
We conclude that the governing board of a school district may not avoid the conflict of interest provisions of section 1090 by adopting a policy delegating to the district superintendent its authority to contract on behalf of the district and thus allow the superintendent to approve a promotion for the spouse of a member of the governing board as well as lease school equipment from a firm that employs the spouse of another board member.
[1] All references hereafter to the Government Code are by section number only.
[2] The board's approval is normally required when there is a change of the employee's job description, title, and compensation as distinguished from "a regular salary or merit step increase that typically requires no direct board action." (Thorpe v. Long Beach Community College Dist., supra, 83 Cal.App.4th at p. 663.)
[3] Of course, any leases executed by the district before section 1090 became applicable, because they were entered into either before the one spouse became a board member or before the other spouse became an employee of the firm, would be valid. (See 84 Ops.Cal.Atty.Gen. 34, 35-38 (2001).)
[4] Education Code section 17606 provides an exception to this general rule for certain transactions having a value of less than $100.