KAMALA D. HARRIS Attorney General MARC J. NOLAN Deputy Attorney General
THE HONORABLE ROBERT WESTMEYER, COUNTY COUNSEL FOR THE COUNTY OF NAPA, has requested an opinion on the following questions:
1. When a district attorney authorizes a county counsel to prosecute an Unfair Competition Law (UCL) action to enforce a county ordinance, may the district attorney also delegate his or her own independent authority to exercise administrative subpoena powers?
2. If not, may the district attorney share with the county counsel the results of the district attorney's own investigation into an alleged county ordinance-based UCL violation where the suspected violation forms the basis of the county counsel's authorized UCL prosecution? *Page 2 
 CONCLUSIONS
1. When a district attorney authorizes a county counsel to prosecute an Unfair Competition Law (UCL) action to enforce a county ordinance, the district attorney may not also delegate his or her own independent authority to exercise administrative subpoena powers.
2. The district attorney may, however, share with the county counsel the results of the district attorney's own investigation into an alleged county ordinance-based UCL violation where the suspected violation forms the basis of the county counsel's authorized prosecution.
 ANALYSIS
The Unfair Competition Law (UCL)[1] is a consumer protection statute that provides an equitable means through which both public prosecutors and private individuals can bring suit to prevent unfair business practices and restore money or property to victims of these practices.[2] Remedies under the UCL are limited to injunctive relief and restitution; public prosecutors, unlike private litigants, may also obtain civil penalties.[3] For purposes of the statute, "unfair competition" means and includes "any unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the false advertising law]."[4] The purpose of the UCL is "to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services."[5] Actions for relief under the UCL:
 . . . shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or a district attorney or by a county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or by a city attorney of a city *Page 3 
having a population in excess of 750,000, or by a city attorney in a city and county or, with the consent of the district attorney, by a city prosecutor in a city having a full-time city prosecutor in the name of the people of the State of California upon their own complaint or upon the complaint of a board, officer, person, corporation, or association, or by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.[6]
When a district attorney reasonably believes that there has been a violation of the UCL, the district attorney may exercise all the powers of the Attorney General "as a head of a department" to investigate the potential violation.[7] These powers include the authority to "[i]ssue subpoenas for the attendance of witnesses and the production of papers, books, accounts, documents, any writing [], tangible things, and testimony pertinent or material to any inquiry, investigation, hearing, proceeding, or action conducted in any part of the state."[8] Unlike the discovery procedures available to civil litigants, these types of subpoenas — also known as "administrative subpoenas" — may be issued, and judicially enforced via court order and contempt proceedings, even where no formal proceedings have been instituted.[9]
A county counsel may also prosecute a UCL case involving a violation of a county ordinance, but only when the county district attorney authorizes such a prosecution.[10] The questions presented for our review are (1) whether the county counsel whom a district attorney authorizes to prosecute a UCL violation may also, upon delegation from the district attorney, independently exercise the administrative subpoena power granted by statute to the district attorney and state department heads, and (2) if not, whether the district attorney may share with the county counsel the results of his or her own investigation into an alleged county ordinance-based UCL violation. Our analysis follows. *Page 4 
 1. Administrative Subpoena Authority
We first examine whether a district attorney may delegate his or her own administrative subpoena power to a county counsel to use in connection with a county ordinance-based UCL investigation that the district attorney authorizes the county counsel to prosecute. For the reasons discussed below, we conclude that a county counsel maynot independently exercise the district attorney's administrative subpoena power.
Because the power to issue administrative subpoenas is conferred by statute, our analysis is guided by well-established principles of statutory construction. Where we are called upon to interpret the meaning of a statute, our primary task is to ascertain the Legislature's intent.[11] In doing so, we "look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose."[12] We do not interpret a particular phrase or provision in isolation; rather, we "interpret a statute in context, examining legislation on the same subject, to determine the Legislature's probable intent."[13] The words used in the statute are generally the best indication of legislative intent.[14] However, where necessary or helpful, we may also resort to extrinsic evidence of legislative intent, including "the ostensible objects to be achieved and the legislative history."[15]
In 1945, the Legislature enacted a statutory scheme[16] granting administrative subpoena power to the heads of state departments to use in investigating matters under their departments' jurisdiction.[17] Then, in 1977, it enacted section 16759, [18]
which authorized district attorneys to use administrative subpoenas in investigating (among *Page 5 
other things) UCL violations. Section 16759, however, makes no reference to county counsels whatever. In 1991, the Legislature amended section 17204 to include county counsels among the various entities who may prosecute UCL actions, albeit only when the suspected violation involves a county ordinance, and then only with the consent of the district attorney.[19] Nothing in section 17204, however, authorizes a county counsel to exercise administrative subpoena powers.[20]
Thus, we have one statute (section 16759) that explicitly permits district attorneys, but no other office or agency, to exercise administrative subpoena powers otherwise reserved for state department heads, and another (section 17204) that explicitly permits county counsels to file UCL actions under certain circumstances, but makes no mention of the use of administrative subpoena powers. It is well established that we "may not rewrite a statute by inserting thoughts that have been omitted. . . ."[21]
And, under the principle of expressio unius est exclusioalterius, "the expression of some things in a statute necessarily means the exclusion of other things not expressed."[22] Based upon these principles, and on what is contained in — and omitted from — sections 16759 and 17204, we decline to read into either statute any implied authorization for county counsels to use the administrative subpoena powers that are expressly granted to district attorneys.
It has been urged, however, that legislative authorization may be inferred by reading sections 16759 and 17204 together with Government Code section 11182. The latter section states that "[t]he head of a department may delegate the powers conferred upon him by this article to any officer of the department he authorizes to conduct the investigation or hearing." Some have suggested that, when a district attorney reasonably believes a UCL violation may have taken place, the district attorney may then delegate the administrative subpoena power to the county counsel as "the department" authorized to prosecute a county ordinance-based UCL violation. We reject this suggestion.
To begin with, we do not believe that the plain language of section 11182 lends support to the idea that a district attorney may delegate the administrative subpoena *Page 6 
power to a county counsel. To "delegate" means to "commit (powers, functions, etc.) to another as agent or deputy."[23] The use of this term thus connotes the idea of a principal granting powers or authority to his or her own deputies or subordinates.
Furthermore, the legislative history strongly suggests that the Legislature has so far never intended to make the administrative subpoena power delegable to any entity other than those expressly specified in the statutes.[24] The provision in Government Code section 11182 permitting a department head to delegate administrative subpoena powers to his subordinates was contained in the original 1945 legislation granting such powers to the department heads, [25] and its text has remained unchanged since that time. We believe that this provision could only have been intended to refer to a department head's delegation of power to officers within his or her own department, because there would have been no need or occasion to "delegate" powers to another department or department head that also possessed them.
In turn we believe that when, in 1977, the Legislature enacted section 16759, extending to district attorneys the administrative subpoena authority it had previously granted to department heads, [26] it intended for delegations by a district attorney to extend only to officers of his or her own department (typically deputy district attorneys). We find no reason to believe that the Legislature intended to change the character of the district attorney's delegation powers when, 14 years later, it added county counsels to the list of those permitted to prosecute certain UCL actions. In our view, if the 1991 amendments to section 17204 were intended to authorize a county counsel to issue administrative subpoenas in UCL cases, the Legislature would have expressed that intention in much clearer language. *Page 7 
Therefore, in response to the first question, we conclude that, when a district attorney authorizes a county counsel to prosecute a UCL action to enforce a county ordinance, the district attorney may not also delegate his or her own independent authority to exercise administrative subpoena powers.
2. Information Sharing
On the other hand, we conclude that a district attorney may lawfully provide a county counsel with information or evidence derived from the district attorney's own pre-filing investigation if, for example, the district attorney determines that such information or evidence would be relevant to a county ordinance-based UCL prosecution that the district attorney authorizes a county counsel to pursue. Under Government Code section 11181, any department head or district attorney authorized to exercise administrative subpoena power in connection with an investigation into a suspected UCL violation may:
 Divulge information or evidence related to the investigation of unlawful activity discovered from interrogatory answers, papers, books, accounts, documents, and any other item described in subdivision (e), or testimony, to the Attorney General or to any prosecuting attorney of this state, any other state, or the United States who has a responsibility for investigating the unlawful activity investigated or discovered, or to any governmental agency responsible for enforcing laws related to the unlawful activity investigated or discovered, if the Attorney General, prosecuting attorney, or agency to which the information or evidence is divulged agrees to maintain the confidentiality of the information received to the extent required by this article.[27]
Where a district attorney has gathered information in an investigation relating to activity that the district attorney has authorized a county counsel to prosecute under section 16759, the county counsel is a "governmental agency responsible for enforcing laws related to the unlawful activity investigated or discovered."[28] Thus, the district attorney is permitted in those circumstances to divulge the information to the county counsel, provided the county counsel "agrees to maintain the confidentiality of the information received to the extent required by this article."[29] *Page 8 
We believe that this conclusion flows naturally from the plain language of Government Code section 11181(g). Further support (if any is necessary)[30] arises from the observation that it would be undesirable, as a matter of policy, to prevent a district attorney from supplying a county counsel with information supporting the very prosecution that the district attorney has authorized the county counsel to undertake. In interpreting statutes, our purpose is always to reach "a reasonable and commonsense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity."[31]
We believe that our conclusion both represents a faithful reading of the statutory language and furthers the statute's purpose.
Therefore we conclude in response to the second question that a district attorney may share with the county counsel the results of the district attorney's own investigation into an alleged county ordinance-based UCL violation where the suspected violation forms the basis of the county counsel's authorized prosecution.
[1] Bus. Prof. Code §§ 17200-17210. All further undesignated statutory references are to the Business and Professions Code.
[2] Cortez v. Purolator Air Filtration Products Co.,23 Cal. 4th 163, 173-174 (2000); Cel-Tech Commun., Inc. v. LosAngeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).
[3] § 17206; Kasky v. Nike, Inc.,27 Cal. 4th 939, 950 (2002).
[4] § 17200; Kasky, 27 Cal. 4th at 949.
[5] Kasky, 27 Cal. 4th at 949-950; Barquis v. MerchantsCollection Assn., 7 Cal. 3d 94, 110 (1972).
[6] § 17204 (emphasis added).
[7] § 16759.
[8] Govt. Code § 11181(e); see State ex rel. Dept. of PesticideReg. v. Pet Food Exp. Ltd.,165 Cal. App. 4th 841, 853-854 (2008).
[9] Govt. Code §§ 11187, 11188; Brovelli v. Super. Ct.,56 Cal. 2d 524, 528-529 (1961).
[10] § 17204.
[11] Freedom Newsps., Inc. v. Orange Co. Employees Ret.Syst., 6 Cal. 4th 821, 826 (1993).
[12] Dyna-Med., Inc. v. Fair. Empl. Hous. Commn.,43 Cal. 3d 1379, 1386-1387 (1987).
[13] Cal. Teachers' Assoc. v. Gov. Bd. of RialtoUnif. Sch. Dist., 14 Cal. 4th 627, 642 (1997).
[14] Allen v. Sully-Miller Contracting Co.,28 Cal. 4th 222, 227 (2002).
[15] Day v. City of Fontana,25 Cal. 4th 268, 272 (2001).
[16] 1945 Stat. ch. 111 § 3, codified at Govt. Code §§ 11180-11191.
[17] Govt. Code § 11180; Younger v. Jensen,26 Cal. 3d 397, 401-402 (1980).
[18] 1977 Stat. ch. 542 § 1.
[19] 1991 Stat. ch. 1195 § 1.
[20] Of course, a county counsel may employ the full panoply of civil discovery procedures once its UCL action is filed.
[21] Gillett-Harris-Duranceau, etc. v. Kemple,83 Cal. App. 3d 214, 219 (1978);78 Ops.Cal.Atty.Gen. 192, 194 (1995);66 Ops.Cal.Atty.Gen. 217, 222 (1983); see
Code Civ. Proc. § 1858.
[22] Gikas v. Zolin, 6 Cal. 4th 841, 852 (1993);Dyna-Med, 43 Cal. 3d at 1391 n. 13.
[23] Webster's Encyclopedic Unabridged Dictionary of the EnglishLanguage 527 (Merriam-Webster 1996).
[24] "As a general rule, powers conferred upon public agencies and officers which involve the exercise of judgment or discretion are in the nature of public trusts and cannot be surrendered or delegated to subordinates in the absence of statutory authorization. [Citations.]" California Sch. Employees Assn. v. PersonnelCommn., 3 Cal. 3d 139, 144 (1970); see ThompsonPac. Const. Inc. v. City of Sunnyvale,155 Cal. App. 4th 525, 539 (2007).
[25] 1945 Stat. ch. 111 § 3.
[26] § 16759 (district attorney granted all the powers of the attorney general "as a head of a department"); see Govt. Code § 11182 ("head of a department may delegate the powers conferred upon him by this article . . .").
[27] Govt. Code § 11181(g) (emphasis added).
[28] Id.
[29] Id.
[30] See Diamond Multimedia Sys. Inc. v. Super. Ct.,19 Cal. 4th 1036, 1047 (1999) (clear and unambiguous statutory language makes further interpretation unnecessary).
[31] Renee J. v. Super. Ct.,26 Cal. 4th 734, 744 (2001). *Page 1